# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Civil Action No. __1:12-cv-385__

| | |
|---|---|
| J.B., a minor, by MONIQUE BENJAMIN, individually, and as parent and next friend of J.B., et al., | ) ) ) ) ) ) (Circuit Court of Cook County, IL, No. 11-L- 8510) |
| Plaintiffs, | ) ) ) ) ) ) ) This Notice of Removal also effects the removal of the following three actions from the Circuit Court of Cook County, IL: |
| v. | ) ) ) ) ) *Murray, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Cook County No. 11-L-12695; |
| ABBOTT LABORATORIES, INC., | ) ) ) ) ) ) *Burks, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Cook County No. 11-L-4045; and *Leal, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Cook County No. 11-L-8508. |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Abbott Laboratories, Inc. ("Abbott"), by its undersigned counsel and pursuant to 28 U.S.C. § 1446 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. §§ 1332(d) & 1453 ("CAFA"), hereby removes this action, filed in the Circuit Court of Cook County, Illinois, and the following three related actions, also filed in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois:

- *Murray, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Cook County No. 11-L-12695;

- *Burks, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Cook County No. 11-L-4045; and

- *Leal, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Cook County No. 11-L-8508.

These four actions, filed on behalf of more than 100 plaintiffs, are product-liability cases seeking monetary relief against Abbott arising out of Plaintiffs' alleged use of the FDA-approved medicine Depakote, and are subject to a proposal by Plaintiffs' counsel to consolidate them for all purposes through trial. 28 U.S.C. § 1332(d)(11)(B)(i). The bases for removal of these four actions, collectively, the "Northern Illinois Depakote Mass Action," are as follows:

1. Plaintiffs' proposal for consolidation includes not only the Northern Illinois Depakote Mass Action, but also the following six Depakote cases filed and pending in state courts located in the Southern District of Illinois – specifically, in the Circuit Court of St. Clair County, Illinois, and the Circuit Court of Madison County, Illinois: *Bartolini, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 10-L-651; *Book, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 11-L-27; *Brumfield, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 1l-L-143; *Alexander, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 1l-L-583; *Woolfolk, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 10-L-422; and *Pyszkowski, et al. v. Abbott Laboratories, Inc.*, Circuit Court of

Madison County No. 11-L-737. These six cases are, collectively, the "Southern Illinois Depakote Mass Action."

2. In addition to the removal of the actions that make up the Northern Illinois Depakote Mass Action, Abbott is removing the actions that make up the Southern Illinois Depakote Mass Action to the United States District Court for the Southern District of Illinois, the district and division where those six constituent actions are pending. *See* 28 U.S.C. § 1446(a).

3. Abbott uses the terms "Northern Illinois Depakote Mass Action" and "Southern Illinois Depakote Mass Action" for convenience only. Plaintiffs have not proposed two "mass actions"; they have proposed instead a single "mass action" that embraces both the Northern and Southern Illinois Depakote Mass Actions. Abbott refers to this single "mass action" that Plaintiffs have proposed as the "Illinois Depakote Mass Action." Although constrained to remove the actions that make up the Southern Illinois Depakote Mass Action to the United States District Court for the Southern District of Illinois, *see* 28 U.S.C. § 1446(a), Abbott anticipates that one or more motions may follow in an effort to bring all of the cases that make up the Illinois Depakote Mass Action before a single court.

### Procedural Requirements

4. The Illinois Depakote Mass Action asserts product-liability claims seeking monetary relief in excess of $5,000,000, exclusive of interest and costs, against one Defendant, Abbott, concerning its distribution of the FDA-approved medicine Depakote. Copies of all process, pleadings, and orders served upon Abbott in each of the four

3

constituent cases that make up the Northern Illinois Depakote Mass Action are attached hereto as Exhibits F through I.  *See* 28 U.S.C. § 1446(a).

5.     There are 127 Plaintiffs included in the Northern Illinois Depakote Mass Action:  *Murray* (29); *Benjamin* (47); *Burks* (2); and *Leal* (49).  A chart listing all of the Plaintiffs in the entire Illinois Depakote Mass Action is attached as Exhibit B, and a chart identifying Plaintiffs' counsel in each of the actions that make up the Illinois Depakote Mass Action is attached as Exhibit C.

6.     Under 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  Although all of the cases that make up the Illinois Depakote Mass Action were filed separately, Plaintiffs' counsel in the *Alexander* case, on or after December 29, 2011, filed in the Supreme Court of Illinois and served on Abbott via express mail a "Motion to Consolidate and Transfer Pursuant to [Illinois] Supreme Court Rule 384," a Memorandum in Support, and other supporting documents (collectively, the "Motion to Consolidate").  Abbott received the Motion to Consolidate on January 3, 2012.  The Motion to Consolidate, including Plaintiffs' supporting memorandum and proposed order, is attached hereto as Exhibit A.  This Notice of Removal is being filed within thirty days after Abbott received the Motion to Consolidate.  Accordingly, removal is timely.

7.     "A defendant or defendants desiring to remove any civil action … from a State court shall file in the district court of the United States for the district and division

4

within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The United States District Court for the Northern District of Illinois, Eastern Division, is the district court of the United States for the district and division embracing the place where the Northern Illinois Depakote Mass Action is pending.

8. As required by 28 U.S.C. § 1446(d), Abbott will provide written notice of the filing of this Notice of Removal to Plaintiffs' attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Circuit Court of Cook County, Illinois, Law Division. *See* 28 U.S.C. § 1446(d). The notice in Exhibit J was filed in the Illinois Supreme Court, where Plaintiffs' Motion to Consolidate was filed.

## Original Jurisdiction

### Mass-Action Removal

9. The Illinois Depakote Mass Action is a "mass action" removable under CAFA. CAFA provides that, "[f]or purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." 28 U.S.C. § 1332(d)(11)(A). "[T]he term 'mass action' means any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount

5

requirements under subsection (a)." *Id.* § 1332(d)(11)(B). Thus, a mass action removable under CAFA must satisfy four criteria:

- It is a civil action commenced on or after February 18, 2005, in which monetary relief claims of one hundred or more persons are proposed to be tried jointly;

- the plaintiffs' claims are proposed to be tried jointly on the ground that they involve common questions of law or fact;

- there is minimal diversity of citizenship, that is, at least one plaintiff is not a citizen of the same state as at least one defendant; and

- each plaintiff seeks a recovery exceeding $75,000, exclusive of interest and costs.

*Brown v. Bayer Corp.,* 2010 WL 148629, at *2 (S.D. Ill. Jan. 13, 2010) ("*Brown II*") (citing cases).

10. Plaintiffs' Motion to Consolidate requests consolidation, in the Circuit Court of St. Clair County, of the claims of 127 Plaintiffs in the Northern Illinois Depakote Mass Action *and* the claims of 283 additional Plaintiffs in the Southern Illinois Depakote Mass Action on the basis that the "Depakote Cases present common questions of fact concerning Abbott's development, testing, manufacturing, and marketing of Depakote, as well as the common questions of law regarding Abbott's liability for same." Ex. A, Mot. at 1–2.

11. Specifically, Plaintiffs' Motion to Consolidate proposes that the cases making up the Illinois Depakote Mass Action be consolidated in order to "eliminate

6

duplicative discovery and pretrial litigation, prevent inconsistent pretrial *and trial* rulings, and thereby promote judicial efficiency." *Id.*, Mot. at 2 (emphasis added). Plaintiffs' Memorandum in Support further proposes that "[c]onsolidating these cases for proceedings *through trial* will prevent duplication and inconsistency in discovery and court rulings, and will allow the parties to coordinate document discovery, depositions, pretrial litigation, *and trial*." *Id.*, Mem. at 2 (emphasis added).

12. Plaintiffs attached to their Motion to Consolidate an "Appendix of Actions," attached hereto as Exhibit D, listing the Depakote actions proposed for consolidation. Nine of the ten cases that make up the Illinois Depakote Mass Action, representing a total of 381 Plaintiffs, are listed in the Appendix. *See* Ex. D. The tenth case, *Murray*, which has twenty-nine Plaintiffs and was filed after the other nine cases, is also part of Plaintiffs' Motion to Consolidate by virtue of the Motion's express request that "subsequently filed related actions" also be consolidated. This brings to 410 the total number of Plaintiffs whose claims are proposed to be consolidated through trial. *See* Ex. A, Mot. at 2; Ex. B.

13. Plaintiffs have therefore proposed a joint trial for the monetary claims of 100 or more persons involving common questions of law or fact.[1] *See* 28 U.S.C.

---

[1] Although Plaintiffs' Motion to Consolidate appears under the caption of the *Alexander* case, Plaintiffs' Motion expressly proposes to consolidate all current and future Illinois Depakote Cases. Moreover, Plaintiffs' counsel of record in the *Alexander* case represent all of the Plaintiffs in the cases that make up the Illinois Depakote Mass Action, except for the *Burks* case, which has two Plaintiffs. *See* Ex. C; *compare* Ex. A, Mot. at 3–4, *with* Ex. H, *Burks* Jury Demand at H12. However, Plaintiffs' counsel in *Burks*, Allen N. Schwartz, is also co-counsel for the Plaintiffs in *Murray*, *Benjamin*, and *Footnote continued on next page.*

7

§ 1332(d)(11)(B)(i); *Bullard v. Burlington N. Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008) (holding that a case in state court may become a removable mass action "long after filing" if the claims of more than 100 plaintiffs are subsequently proposed to be tried jointly; describing as removable a hypothetical set of 15 suits with 10 plaintiffs each that plaintiffs proposed be tried together).

14. According to the complaints in these cases, Plaintiffs are citizens of many different states. *See, e.g.*, Ex. G, *Benjamin* Compl. at G4-G12, ¶¶ 1–24 (alleging that the 47 Plaintiffs hail from California, Florida, Georgia, Illinois, Kentucky, Michigan, Mississippi, New York, North Carolina, Rhode Island, South Carolina, Texas, Utah, West Virginia, and Wisconsin). As alleged by Plaintiffs, Defendant Abbott has its principal place of business in Illinois. *See, e.g., id.* at G13, ¶ 26. Therefore, at least one Plaintiff is a citizen of a state different from Abbott. 28 U.S.C. § 1332(d)(2)(A).

15. Plaintiffs seek damages for injuries suffered as a result of the use of Depakote, which is an anti-convulsant medicine. *See, e.g.*, Ex. G, *Benjamin* Compl. at

---

*Leal*. *See, e.g.*, Ex. F, *Murray* Compl. signature page at F19; Ex. G, *Benjamin* Compl. signature page at G21; Ex. I, *Leal* Compl. signature page at I22. Mr. Schwartz, the only Plaintiffs' counsel of record in any of the Illinois Depakote cases who was not a signatory to the Motion to Consolidate, has since embraced the Plaintiffs' proposal to consolidate the Illinois "Depakote Cases for proceedings through trial . . . ." on behalf of his clients in the *Burks*, *Leal*, and *Benjamin* cases. *See* Ex. K, Certain Respondents' Agreement to Motion to Consolidate and Transfer ("Agreement"), at 3. Because the *Murray* Plaintiffs, whom Mr. Schwartz also represents, have not opposed the Motion to Consolidate, they are deemed to have assented thereto by their silence. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 n.3 (7th Cir. 1992) ("express[ing] some sympathy" with the view that dismissal of plaintiff's claim should be deemed voluntary where plaintiff could have appealed and failed to do so); *Mobley v. Cerro Flow Prods., Inc.*, 2010 WL 55906, at *3 (S.D. Ill. Jan. 5, 2010) (citing *Poulos* for the proposition "that only a voluntary act of a plaintiff (rather than an involuntary consolidation) can make a case removable").

8

G13-G14, ¶ 28. Specifically, Plaintiffs allege that Depakote causes severe birth defects, including spina bifida, cleft palate, cleft lip, limb and digital deformities, facial dysmorphism, mental developmental delays, genitourinary malformations, and heart defects, if taken during the first trimester of pregnancy. *See*, *e.g.*, *id.* at G14-G15, ¶¶ 31–32. As a result, Plaintiffs allege that they have suffered severe economic and non-economic injuries, and they seek compensation for physical disfigurement, pain and suffering, loss of enjoyment of life, loss of consortium, expenses for medical treatment, and lost wages, among other things.[2] *See id.* at G16-G17, ¶ 44, *and* G20-G21, ¶ 65.

16. Based on the factual allegations in the complaints that make up the Illinois Depakote Mass Action, construed as true for purposes of assessing removal jurisdiction, the amount in controversy exceeds $5 million, exclusive of interest and costs, and each of the 410 Plaintiffs' claims exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) & (d)(6); *see also Brown v. Bayer Corp.*, 2009 WL 3152881, at *2 (S.D. Ill. Sept. 28, 2009) ("*Brown I*") (finding requisite amount in controversy based on "the nature of the injuries alleged"; plaintiffs' pleading for damages in excess of $50,000; and their allegation that they had "suffered permanent injuries as a result of which they have incurred and will continue to incur medical expenses in connection with their use of Trasylol").

---

[2] A typical Depakote action includes the claims of a minor plaintiff brought by one or more parents or other adult representatives and the individual claims of the parent(s) or adult representative(s). *See*, *e.g.*, Ex. G, *Benjamin* Compl. at G4-G12, ¶¶ 1–7, 9–18, 20–24. In isolated instances, an adult plaintiff individually brings his or her own claims. *See id.* at G7, ¶ 8, *and* G10-G11, ¶ 19.

9

17. Based on substantially the same allegations, the amount in controversy in the four cases that make up the Northern Illinois Depakote Mass Action alone exceeds $5 million, exclusive of interest and costs, and each of the 127 Plaintiffs' claims in the Northern Illinois Depakote Mass Action also exceeds $75,000, exclusive of interest and costs.

18. Based upon the foregoing, this Court has jurisdiction over the Northern Illinois Depakote Mass Action under CAFA, and the Northern Illinois Depakote Mass Action may be removed by Abbott pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1446, and 1453.

WHEREFORE, Defendant Abbott Laboratories, Inc. hereby removes the Northern Illinois Depakote Mass Action, now pending in the Circuit Court of Cook County, Illinois, Law Division, to this Court.

Dated: January 18, 2012

**ABBOTT LABORATORIES, INC.**

BY:   /s/ Rebecca S. Bradley
    ───────────────────────────────
    James F. Hurst
    Rebecca S. Bradley
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601
    (312) 558-5600
    Firm I.D. #90875

Paul F. Strain
Stephen E. Marshall
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7400

**ATTORNEYS FOR DEFENDANT
ABBOTT LABORATORIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2012, I separately served via electronic mail a copy of the foregoing Notice of Removal upon counsel of record listed below, and that on January 19, 2012, a copy of the foregoing Notice of Removal, together with a copy of the Exhibits to Notice of Removal, will be served via first class mail, with proper postage prepaid, to the same counsel of record listed below:

| | |
|---|---|
| Ralph D. McBride<br>Bracewell & Guiliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX  77002-2781<br>ralph.mcbride@bgllp.com | Robert L. Salim<br>Attorney at Law<br>1901 Texas Street<br>Natchitoches, LA  71457<br>skeeter@cp-tel.net |
| Jeffrey D. Meyer<br>The Meyer Law Firm, P.C.<br>510 Bering Drive, Suite 300<br>Houston, TX  77057<br>jeff@themeyerlawfirm.com | William M. Audet<br>Audet & Partners, LLP<br>221 Main Street, Suite 1460<br>San Francisco, CA  94105<br>WAudet@audetlaw.com |
| Tommy Fibich<br>Fibich Hampton & Leebron LLP<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX  77010<br>tommyf@fhl-law.com | Lloyd M. Cueto<br>Law Office of Lloyd M. Cueto<br>7110 West Main Street<br>Belleville, Illinois 62223<br>cuetolm@cuetolaw.com |
| John T. Boundas<br>Williams Kherkher Hart Boundas, LLP<br>8441 Gulf Freeway, Suite 600<br>Houston, TX 77017<br>jboundas@williamskherkher.com | Christopher Cueto<br>Law Office of Christopher Cueto, Ltd.<br>7110 West Main St.<br>Belleville, IL  62223<br>cueto@aol.com |
| Allen N. Schwartz<br>Kravolec, Jambois & Schwartz<br>60 West Randolph Street<br>4th Floor<br>Chicago, IL 60601<br>aschwartz@kjs-law.com | |

/s/ Rebecca S. Bradley
_____
One of the Attorneys for Defendant

11