IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| B.P. a minor, by DAWN FRAGNOLI, individually as parent and next friend, ) ) ) | Case No.   13-cv-324-SCW |
| Plaintiff, ) ) ) ) | |
| J.B., a minor, by LINDA LEJUNE, individually as legal custodian and next friend, ) ) ) ) ) | |
| Plaintiff, ) ) ) | Case No. 13-cv-326-SCW |
| vs. ) ) | |
| ABBOTT LABORATORIES, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On August 7, 2013, the Court held a hearing on various discovery disputes between Plaintiffs and Defendant. The following is a memorialization of the Court's findings and rulings at that hearing.

The Court first took up the issue regarding the timeliness and completeness of Defendant's production of discovery to date. The Court originally gave Defendant until August 9, 2013 to produce four categories of documents previously ordered by the Court. Plaintiff indicates that they have been informed that Defendant will not be able to meet the August 9, 2013 deadline. The Court instructs the parties that this matter will be taken up at the August 15, 2013 conference, at

which time the deadline for document disclosure will have passed and Defendant will be in a better position to assess where they are at in the production of documents and how much longer full disclosure will take. The Court **DIRECTED** Defendant to provide to Plaintiff by 1:30 on August 14, 2013 a statement indicating where Defendant is at with the production of documents. The statement should include all of the document production categories that have not been completed and should indicate: when Defendant started on the production, an estimate of the percentage of production that has been completed, how that production is being conducted (including efforts made and amount of people working on the production), when the production will be completed, and Defendant's plan for completing the discovery.

The next issue dealt with the sufficiency of Defendant's document searches, particularly as it pertains to identifying sales representatives that contacted Plaintiff's prescribing physicians. Defendant indicates that it is still in the process of producing this information. Plaintiffs have been asked to speak with their prescribing physicians to identify sales representatives but Plaintiff indicates that such discussions have not been fruitful. The Court indicated that it will expect efforts on Defendant's part to continue and will seek a status report on those issues at the next discovery conference. The parties discussed Plaintiffs' ability to contact former employees listed on the fact sheets provided by Defendant, but Defendant asked for additional time to look into the issue of whether there should be any restrictions placed on Plaintiff's ability to contact former employees. The Court **DIRECTED** Defendant to provide its position to Plaintiffs by **August 12, 2013** so that Plaintiffs will have time to review their position and either provide a written response or be able to orally respond to Defendant's position at the next discovery conference.

The next issue dealt with the production of foreign labels. The parties inform the Court that they have reached an agreement on the deadline for those productions. Thus, the Court

**DIRECTED** Defendants to produce Company Core Data Sheets by **August 23, 2013** and foreign labels by **September 6, 2013**.

The Court next discussed ex parte protective orders which will govern Defendant's ex parte contact with physicians. The parties provided the Court with proposals and after discussing issues related to those proposals, the Court ruled on the contents of the orders and **DIRECTED** the parties to submit the final drafts, with discussed corrections, to the Court for filing.

The Court also addressed new discovery issues which have arose. As to general document production issues (Issue #85), the parties provided the Court with an update on general discovery issues that they are working toward a resolution on. Plaintiffs indicate they are in the process of returning inadvertently produced metadata to Defendants which contain documents protected by the attorney client privilege or work product doctrine. Defendant is also currently working on fixing technical problems associated with certain audio and video files before producing those files. Defendants are also working on producing 234 documents where the metadata was produced but the associated documents were not produced. The parties indicate that they are working towards resolution of these discovery issues and hope to have the issues resolved soon without Court assistance.

The Court next took up the issue of marketing communications (Issue #86). Plaintiffs seek marketing communications, including Continuing Medical Education materials (CMEs), but Defendants object as there is no evidence that any of the doctors attended any CMEs. The Court **ORDERED** that marketing communications where used during the times of the births in the Bellweather cases are relevant and **DIRECTS** the production of those communications for the years 1990-1995. Defendants will have up to and including **September 6, 2013** in which to provide these communications.

The parties' Issue #87 dealt with communications with Plaintiffs' treating physicians. Plaintiff also seeks marketing communications for their treating physicians who did not prescribe Depakote to Plaintiffs, but who treated Plaintiffs. Plaintiffs have twenty-two (22) treating physicians who did not prescribe the drug to Plaintiffs but who treated Plaintiffs in some other way. The parties agreed they would work towards resolution of this issue. The Court **INSTRUCTS** the parties that if they do not reach an agreement, then the issue should be briefed to the Court by August 22, 2013 for the August 29, 2013 hearing. Parties' briefs are limited to ten (10) pages.

Issue #88 dealt with production of Defendant's former websites and social media sites. Plaintiffs requested prior versions of these sites but Defendant informs the Court that they have already produced what is available of these types of documents. The Court accepts Defendant's representation that no further documents responsive to this issue are available.

In Issue #89, Plaintiff's asked for documents from custodians who have communicated with Dr. Meador, Delgado-Excueta, and Janz. The Court was informed at the hearing that the parties have reached an agreement on this issue and Defendant is **DIRECTED** to produce those documents agreed upon by the agreed upon date, **September 15, 2013**.

The final issue for discussion dealt with the scheduling of prescribing physician depositions in the *Fragnoli* and *LeJeune* cases (Issue #90). The Court tabled the issue of the timing of these depositions until the hearing on August 15, 2013. The Court did inform the parties that the typical priority for questioning in a deposition of Plaintiff's witnesses is for Defendant to ask questions of the witness first. Plaintiffs express concern that these depositions will be used for trial testimony and that the typical course of questioning at trial would begin with the Plaintiffs. The parties were informed, however, that if Plaintiffs wish to conduct depositions for trial testimony purposes that could be completed after these initial depositions by the Defendant. However, the timing of the

depositions was tabled for the following hearing.

**IT IS SO ORDERED**.
DATED: August 9, 2013.

>*/s/ Stephen C. Williams*
>STEPHEN C. WILLIAMS
>United States Magistrate Judge