IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| B.P. a minor, by DAWN FRAGNOLI, individually as parent and next friend, | Case No. 13-cv-324-SCW |
| Plaintiff, | |
| J.B., a minor, by LINDA LEJUNE, individually as legal custodian and next friend, | Case No. 12-cv-52-GPM |
| Plaintiff, | Case No. 13-cv-326-SCW |
| vs. | |
| ABBOTT LABORATORIES, INC., | |
| Defendant. | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On October 22, 2013, the Court held a discovery dispute hearing on the parties various submitted discovery issues. The following memorializes the Court's findings and rulings at that hearing.

**A.     Certification of Completion of Production (Issue # 98)**

Plaintiffs noted that they previously asked from certain documents from the RIMS database, but that Abbott found that several documents were in the possession of the Department of Justice (DOJ). Abbott indicated that there are 19 files on the RIMS report that remain in the possession of the DOJ. Plaintiffs are also concerned that the possession of some documents by the DOJ means that there are other documents that would have been responsive and already provided to Plaintiffs had they not been in the possession of the DOJ. The Court **DIRECTS** Abbott to confirm the existence of the 19 files and provide them to Plaintiffs absent any objection on the grounds of privilege.

Abbott will also search to determine if there are any documents that were sent to the DOJ that would not have already been provided to Plaintiff.

**B.     Additional Custodial Issues (Issue #99)**

Abbott recently filed a Motion for Discovery Memorandum Regarding Production of Additional Custodial Files, objecting to providing custodial files for four Abbott employees previously requested by Plaintiff.   At the hearing, the parties informed the Court that they had resolved the issue regarding the additional custodial files.  Thus, the Court **FINDS AS MOOT** Abbott's Motion Regarding Production of Additional Custodial Files (Case No. 13-324 Doc. 86 and Case No. 13-326 Doc. 77).

**C.     Consolidated Plaintiffs' 30(b)(6) Deposition Notice and Request (Issue #100)**

Plaintiffs take issue with Abbott's designated witnesses for 30(b)(6) depositions.   On October 8, the Court Ordered Abbott to designate witnesses pursuant to Plaintiffs' 30(b)(6) deposition notice. Abbott responded with three designated witnesses on a total of 15 of 35 topics, leaving 20 topics without designated witnesses.  Abbott is **DIRECTED** to designate deponents for the remaining topics by **October 31, 2013**.  With those designations, Abbott should provide available dates for depositions of those witnesses.   Abbott shall also have until **October 23, 2013** to provide dates for the other two designated deponents previously provided to Plaintiffs.

**D.     Abbott's Response to Consolidated Plaintiffs' Interrogatory No. 12 (Issue #101)**

Plaintiffs take issue with Abbott's disclosure of scientific studies.  The Court's October 8 Order directed Abbott to identify all scientific studies it has conducted and funded. Abbott provided Plaintiffs with 38 pages of studies but informed Plaintiffs that they could not determine if all of the studies were funded by Abbott.  Plaintiffs also sought the bates ranges for the regulatory file where Abbott located the studies.  The Court **DIRECTED** Abbott to provide the

bate ranges for where in the regulatory files Abbott found the references to these studies. Abbott will have until **November 5, 2013** in which to provide this supplemental information.

### E. Identification of a Complete List of Annual, Periodic, and Supplemental Drug Reports (Issue #104).

Plaintiffs take issue with the production of the regulatory file from the RIMS database. Plaintiffs argue that there is missing information from the database and that the regulatory files are out of order. Plaintiffs point out that there are no correspondence from the years 2004 and 2010 through 2013. Plaintiffs also note that there is sporadic information for the years 2005-2009. Plaintiffs argue that the regulatory file is not complete and that while drug companies keep this type of information in chronological order, the records provided to them were "a mess." Abbott notes that years 2011-2013 were not produced, but other years should be in the documents provided. Abbott argues that the documents presented were not out of order and were presented as they were maintained in the ordinary course of business. The Court **DIRECTS** Defendants to look into the issue of whether there are regulatory files kept on computer files and to provide those files to the extent that they exist. As to the issue of documents being out of chronological order, these documents were produced a long time ago and whether they are not being kept in compliance with FDA requirements is not before this Court. The Court will not order any further discovery requiring Abbott to further categorize the documents already produced in the normal course of business. As to the electronic documents, Abbott is to report to Plaintiffs on the matter by **October 31, 2013**.

### F. Abbott's Response to CP Rog. No. 7 (Issue #95)

Next, the Court took up Plaintiffs' discovery issue in which Plaintiffs' allege Abbot improperly responded to their request to produce sales figure data doing back to 1991. Plaintiffs wanted total sales figures but were provided with "net sales" and no explanation of what "net sales" meant. Abbott indicated that it would provide the gross sales by **October 25, 2013**. The parties are

instructed to meet and confer on the issue of the definition of "net sales".

### G. Production of Performance Reviews (Issue #96)

The Court is informed that there is no longer a dispute about the production of performance reviews for Abbott witnesses prior to deposition. The parties have worked out an agreement and will provide performance reviews for witnesses for the time before they worked on Depakote and reviews for the time period that they worked on Depakote. Abbott agrees to provide the performance reviews in advance of the depositions.

### H. Abbott's Lack of Production of IMS Data (Issue #71)

Plaintiffs seek IMS data from Abbott for Plaintiffs' prescribing physicians extending beyond what was proscribed in the DFS, up to the present. Plaintiffs believe this information would be relevant to show the habits of the prescribing doctors in prescribing Depakote after being given revised warnings. As Plaintiff has articulated the relevance of these records, the Court **ORDERS** the production of this information. Abbott shall have fifteen days, or up to and including **November 6, 2013** in which to produce this information. For the one doctor who is already scheduled for a deposition the first week of November, Abbott shall provide the IMS data two days prior to the deposition.

### I. Identification of Documents Reviewed in Preparation for Deposition (Issue #105)

The parties dispute whether Abbott should be required to produce all documentation reviewed by their witnesses prior to their scheduled depositions. Abbott argues that the documents would be attorney work product and should not be disclosed. The Court will allow simultaneous briefing on the matter. Briefs for both parties are due on **October 30, 2013** and should be no longer than **five pages**.

**J.      Additional Document Searches Arising out of Spath Deposition (Issue #106)**

Plaintiffs note that upon taking Mrs. Spath deposition, Spath testified that Abbott's database contains "Usage in Pregnancy" response letters and "Dear Healthcare Professional and "Dear Consumer" letters regarding the usage of Depakote while pregnant. Spath testified that there were 15 different versions of the "Usage in Pregnancy" letter and that it could be determined through the database who wrote the letter and the different versions of the letter. The database could also show the number of patients who received those letters. Abbott notes that the letters have been produced but does not believe that the other information, including information about the individuals who authored the letters and the data on how many patients have called inquiring about usage of Depakote during pregnancy, has been formally requested by Plaintiffs. The Court **DIRECTS** Abbott to report to Plaintiff no later than **October 29, 2013** on the issue of whether all versions of these letters have been produced and provide the bates ranges for those letters. The Court **INSTRUCTS** Plaintiffs that they may put out a request for the other information, but the Court will not expedite the response deadline for that request.

**K.      Proper Scope of Deposition Inquiry Regarding Off-Label Marketing (Issue #107)**

Plaintiffs inform the Court that on October 10, 2013, Abbott sent Plaintiffs a letter attempting to limit the scope of deposition testimony of its witnesses regarding off-label marketing of Depakote and the DOJ's investigation into Abbott's marketing practices. Abbott seeks to limit Plaintiffs' line of questioning in the depositions to issues related to women of childbearing age. Abbott also seeks to prohibit questioning regarding a witness's role in the DOJ investigation. Plaintiffs inform the Court that they do not plan on asking questions about a witness's grand jury testimony or conversations with the DOJ. The Court **INSTRUCTS** the parties that it will not restrict the Plaintiff to questioning in depositions, beyond what the parties have agreed to (i.e. grand

jury testimony and interviews with the DOJ). The Court **RESERVES RULING** on any harassing questions or repetitive questions to the witnesses until the time that such an issue arises.

### L. Abbott's Supplemental Response to Consolidated Plaintiffs' Interrogatory No. 14 (Issue #108)

The parties inform the Court that this topic is no longer at issue as the parties have come to an agreement on the matter. Abbott will provide a response to the Interrogatory by **October 25, 2013.**

### M. Abbott's Supplemental Response to Consolidated Plaintiffs' Interrogatory No. 10 (Issue #109)

Plaintiffs seek a response to their interrogatory which asks Abbott to provide an explanation for each of its responses to their Requests for Admissions #171-190. Plaintiffs had provided reworded versions of Requests to Admit #4-13 upon Order of this Court but Abbott objected to many of the Requests on the grounds that the definitions to key words are confusing and could have many meanings. Abbott finds definition issues in Request to Admit #'s 171, 172, 173, 178-84, 186, 189, and 190. The Court **DIRECTS** the parties to meet and confer on the definitions at issue in the Requests. Plaintiff may either indicate to Abbot how those terms should be defined for purposes of Abbott's answer or the parties may meet and confer on the definitions with Abbott. To the extent that Abbott needs to clarify its Answer based on the lengthy time period sought in the requests, Abbott may qualify its response with clarifications regarding timing. Abbott has **twenty-one days** after the parties agree upon definitions to respond to the requests to admit.

### N. Scheduling Treating Physician Depositions (Issue #110)

Abbott informs the Court that it requested from Plaintiffs on October 1, 2013, dates in which Abbott could take depositions for the treating physicians of Plaintiffs. Abbott informs the Court that as of this date, Plaintiffs have given them dates for only one physician. Plaintiffs indicate that they will be able to provide deposition dates for most of the doctors within a few days but are

having trouble contacting Dr. Isaacs for his availability. The Court **ORDERS** Plaintiffs to provide Abbott with deposition dates for the doctors by **October 25, 2013**. If Plaintiffs are unable to provide dates for Dr. Isaacs by October 25th, then Abbott may attempt to contact Dr. Isaacs on its own for deposition dates or subpoena him.

**O.     Scheduling Depositions for J.B. and J.B's Family (Issue #111)**

Abbott informs the Court that it takes issue with the dates provided by Plaintiffs for the depositions of Linda LeJeune, J.B., Vincent LeJeune, Warren B., and Kathy Buffington. Abbott indicates that Plaintiffs offered to produce all five witnesses between December 4-6, 2013. Abbott would like dates of availability in November. The Court, however, **DENIES** Abbott's request to move up the Plaintiff's and Plaintiff's family members' deposition dates. The depositions will take place on December 4-6.

**P.     Authorizations to Collect Records Regarding Warren B. (Issue #112)**

Abbott seeks authorizations to collect medical, employment, insurance, and educational records related to Warren B, J.B.'s biological father, in advance of his deposition. Abbott believes that the biological father's own physical and mental health and cognitive abilities are relevant in this case. Abbott notes that records have shown that Warren B. has ADD which is also something that J.B. suffers from. Abbott also notes that Warren B. was a nurse at a nursing home and would have medical knowledge about certain drugs, which could be relevant to what he understood when the doctor warned them of the risks associated with Depakote. Plaintiffs indicate that they will update the fact sheets with Warren B.'s medical history, medical records, and discussions with the doctor about Depakote. Plaintiffs are also **DIRECTED** to provide: dates and location of jobs Warren B. held as well as job descriptions, description of education including degrees and certifications up until the time of J.B.'s birth. Plaintiffs are also **DIRECTED** to provide authorizations for medical

records. At the hearing, the Court declined to order Plaintiffs to provide authorizations for employment records. However, upon further consideration, the Court **DIRECTS** Plaintiffs to also provide authorizations for Warren B.'s employment records up until the time of J.B.'s birth. Plaintiffs have until **November 1, 2013** in which to supplement those fact sheets.

**IT IS SO ORDERED**.
DATED: October 28, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge