IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| B.P. a minor, by DAWN FRAGNOLI, individually as parent and next friend,<br><br>Plaintiff,<br><br>J.B., a minor, by LINDA LEJUNE, individually as legal custodian and next friend,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC.,<br><br>Defendant. | Case No. 13-cv-324-SCW<br><br><br><br><br>Case No. 12-cv-52-DRH<br><br><br><br>Case No. 13-cv-326-SCW |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On December 16, 2013, the Court held a status conference on three of the issues from the Court's December 11, 2013 hearing. The following memorializes the Court's findings and rulings at the status conference.

### A. Medical Literature Maintained by Abbott (Issue #113)

The Court first sought a status update from Abbott on the medical literature that the Court ordered produced in its previous Order (See Doc. 107). The Court originally ordered the literature produced back in April and it only came to light to the Court at a November discovery hearing that there were previous documents that existed but had not been produced by Abbott. Abbott indicates that upon reviewing the scope of their previous productions, they have produced approximately 4,000 copies of literature that relate to Depakote and birth defects. Plaintiffs dispute the amount of documents previously turned over and the Court **DIRECTS** the parties to meet and

confer on this issue by close of business on **12/17/2013** in order to ascertain whether additional court involvement is necessary.  Further, Abbott indicated that it has confirmed that there is no centralized database that would show all of the medical literature reviewed by Abbott.  Abbott has reviewed AEGIS to determine all reports of birth defects where the source of the report was literature and where the title of the literature was available in AEGIS.  Abbott then searched for this literature in reference manager and provided Plaintiff with a printout of that search, showing what was contained in reference manager.  As to the non-reportable literature reviewed by Abbott located in boxes in Abbott's warehouse, Abbott has arranged for twenty attorneys and paralegals to go through the approximately 215 boxes starting tomorrow.  The reviewers of these boxes will identify any pieces of literature that relate to AED's and birth defects and will have those documents copied for production to Plaintiffs.  Abbott also stated that it is in the process of determining whether there is a method of locating literature that was reviewed by the clinical department, or other department, but has not completed this process.  Abbott is also directed to produce hard copies of forms in the case files.

The Court notes that the documents are long overdue as this issue was originally discussed with the Court, and the documents ordered produced, back in April.  However, the Court will not impose another deadline for the production of these documents as several deadlines have not been met by Abbott and the Court will not set another arbitrary deadline.  Instead, the Court **ORDERS** Abbott to turn over the documents as soon as possible and to exercise all avenues available to them to make this production as quickly as possible.  It appears to the Court that Abbott is now taking serious the process of going through the boxes of articles and once that process begins, Abbott should have a better understanding of the time it will take to complete their search.  The Court reserves ruling on whether other relief may be appropriate in the future.  The Court will revisit this issue at a telephone status conference set for **December 20, 2013.**

B. **Additional Custodial Files (Issue #99)**

The Court next took up the issue of the additional custodial files for which production has not been completed. Abbott indicated that of the three custodial files (Gonzalez, Mason, and Lieden) that Abbott hoped to produce by 12/13/2013, only one of those files was completely produced, the custodial file of Mason. The other two files for Gonzalez and Lieden were completed over the weekend and will be shipped to Plaintiffs today. As to the four additional custodial files which have not been completed, Abbott continues to work on those files and notes that at least two of the files should be completed by the end of this week. Abbott indicates that they do not believe that the files for Leonard and White will be completely produced by the end of the week, but some documents from the files of Leonard and White will be produced. Again the Court notes that these deadlines are long overdue and that it will expect another update for the December 20, 2013 status conference.

C. **Prior Litigation Files as a Source of Custodial Documents (Issue #95)**

Finally, the Court sought a status report on the production of prior litigation files. The Court's previous Order (Doc. 107) had directed Abbott to make an inquiry as to what litigation files were actually searched and what was meant by the statement that they searched "personal injury litigation files". Abbott indicates that looking back at their productions, they previously identified all lawsuits that they were aware of where the injuries arose out of the use of Depakote. However, Abbott noted that there were no documents in any of the remaining files for these cases, except as to one case which has already been produce. The parties are **DIRECTED** to meet and confer on this issue further, no later than 12/17/2013.

**IT IS SO ORDERED**. DATED: December 16, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge