# EXHIBIT "T"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| B.P., A MINOR, BY DAWN FRAGNOLI INDIVIDUALLY AS PARENT AND NEXT FRIEND, | ) ) ) | Case No. 13-cv-324-SCW |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| H.C., A MINOR, BY MICHELLE CASSIDY INDIVIDUALLY AS PARENT AND NEXT FRIEND, | ) ) ) | Case No. 13-cv-325-SCW |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| J.B., A MINOR, BY LINDA LEJUNE INDIVIDUALLY AS LEGAL CUSTODIAN AND NEXT FRIEND, | ) ) ) | Case No. 13-cv-326-SCW |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | **ON ALL COUNTS** |
| | ) | |
| ABBOTT LABORATORIES INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

**DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION ORIGINALLY SERVED IN EIYANA IVY, ET AL. v. ABBOTT LABORATORIES, INC.**

Defendant, Abbott Laboratories Inc.,[1] pursuant to Rule 34 of the Federal Rules of Civil

Procedure, responds and objects to Plaintiffs' First Set of Requests for Production ("Requests")

originally served in Eiyana Ivy, et al. v. Abbott Laboratories, Inc.  Abbott's responses and

objections to Plaintiffs' Requests are given without prejudice to Abbott's right to modify, change

---

[1] For the purpose of responding to these Requests, Defendant Abbott Laboratories, Inc. has interpreted these Requests to seek documents and information that is in the possession of Defendant Abbott Laboratories, Inc., Abbott Laboratories, an Illinois corporation, which is the corporate parent of Defendant Abbott Laboratories, Inc., and AbbVie, Inc., a Delaware corporation, to whom Abbott Laboratories transferred its interests in its valproate-containing pharmaceutical products as of January 1, 2013.  Unless otherwise noted, as used in these responses, the term "Abbott" includes Defendant Abbott Laboratories, Inc., Abbott Laboratories, and AbbVie, Inc.

1

or amend its responses and/or objections if Abbott should discover additional information related to the subject Request(s).  Reference in the responses and objections to a preceding or subsequent response incorporates both the information and the objections set forth in the referred-to response.

## GENERAL OBJECTIONS

Abbott asserts the following general objections, which are hereby incorporated into each of the specific responses and objections to the Requests set forth below.

1.      Abbott objects to each of the Requests to the extent that they seek information and/or documents that is protected by the attorney-client privilege, the work-product doctrine or other privilege; trade secrets; confidential commercial information; information made confidential by law; information prepared in anticipation of litigation; personal health information; and/or any information protected from disclosure by 21 C.F.R. § 20.63 concerning any person other than Plaintiffs.

2.      Abbott objects to these Requests as overbroad, unduly burdensome, and oppressive to the extent they seek information and/or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, including but not limited to documents and/or information: (a) pertaining to alleged adverse experiences associated with pharmaceutical products containing the active ingredients valproic acid or divalproex sodium (collectively "vpa products"), other than birth defects; and (b) concerning products other than vpa products manufactured by or for Abbott.

3.      Abbott makes each objection to these Requests and responds to these Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of authenticity, improper foundation, competency,

2

privilege, relevance, materiality, unfair prejudice, or any other proper grounds, to the use of the document identified or targeted by Plaintiffs' Requests for any purpose any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; and (b) the right at any time to revise, correct, add to, or clarify any of the objections or responses now or hereafter served by Abbott.

4.      Because of the overbreadth of these Requests at this stage in the litigation, it is not possible for Abbott to anticipate all possible grounds for objection with respect to the Requests set forth herein.  Abbott reserves the right to supplement these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Abbott objects to the definition of "YOU," "YOUR," and "ABBOTT" contained in Paragraph A of the "Definitions and Instructions" to these Requests, as well as every Request in which these terms appears, to the extent they are intended to require Abbott to provide documents and/or information on behalf of any other person or entity.  For the purpose of responding to these Requests, Defendant Abbott Laboratories, Inc. has interpreted these Requests to seek information and/or documents regarding information that is in the possession of Defendant Abbott Laboratories, Inc., Abbott Laboratories, an Illinois corporation, which is the corporate parent of Defendant Abbott Laboratories, Inc., and AbbVie, Inc., a Delaware corporation, to whom Abbott Laboratories transferred its interests in its vpa products as of January 1, 2013.  Unless otherwise noted, as used in these answers, "Abbott" includes Defendant Abbott Laboratories, Inc., Abbott Laboratories, and AbbVie, Inc.

2.      Abbott objects to the definition of "DEPAKOTE" contained in Paragraph B the "Definitions and Instructions" to these Requests, as well as every Request in which that term appears, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and/or information concerning products other than vpa products manufactured by or for Abbott.

3.      Abbott objects to the definition of "DOCUMENT(S)" contained in Paragraph D of the "Definitions and Instructions" to these Requests, as well as every Request in which that term appears, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Abbott objects to the definition of "COMMUNICATIONS" contained in Paragraph E the "Definitions and Instructions" to these Requests, as well as every Request in which that term appears, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Abbott objects to the Instructions contained in Paragraphs F, G, H, I, J, and K of the "Definitions and Instructions" to these Requests and to each and every paragraph of the "Instructions Regarding Format" to these Requests to the extent they are overbroad, unduly burdensome, and to the extent they seek to impose obligations on Abbott other than those imposed or authorized by the Federal Rules of Civil Procedure, local rules, court order, and/or applicable case law.

## RESPONSES AND OBJECTIONS

Abbott incorporates its General Objections and Objections to Definitions and Instructions into each of the specific responses and objections that follow.  Any specific objections set forth below are in addition to those objections and, unless otherwise specified, Abbott's responses are limited in accordance with each of its objections, general and specific.

4

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS and information (regardless of format or medium) used by ABBOTT to educate, train, and/or certify its employees and representatives (including but not limited to medical associates, sale representatives, clinical specialists, and physician proctors) RELATING to DEPAKOTE.

## RESPONSE:

Abbott further objects to Request No. 1 as overbroad and unduly burdensome to the extent it seeks to require Abbott to produce all copies of sales training materials related to Depakote; to the extent it seeks documents from the time period after the birth of the bellwether Plaintiffs; and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving these objections, Abbott states that it is producing sales training materials related to Depakote as they are maintained in Abbott's repositories for such materials.

## REQUEST FOR PRODUCTION NO. 2:

Form 2253s and attachments, and all communications to the FDA's Department of Drug Marketing and Communication, RELATING to DEPAKOTE.

## RESPONSE:

Abbott further objects to Request No. 2 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; and to the extent it seeks to require Abbott to produce all of the documents described therein.

Subject to and without waiving its objections, Abbott states that its production to date has included Form 2253 transmittals of advertisements and promotional materials.  Abbott further states that it will also be producing additional Form 2253 transmittals.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, writings, agreements, invoices, statements and/or receipts which in any way reflect payments made to any health care professional, third party consultant or communications company for having conceived, researched, designed, written in whole or part, analyzed, drafted, contributed, revised, or in any way authored or contributed to any medical article regarding DEPAKOTE.

**RESPONSE:**

Abbott further objects to Request No. 3 as overbroad and unduly burdensome to the extent that it seeks to require Abbott to produce all documents described therein, and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.  Abbott also objects to this Request as overbroad, vague and ambiguous in its use of the terms "writings," "agreements," "statements," "third party consultant," "conceived," "designed," "contributed," and "medical article."

Subject to and without waiving these objections, Abbott states that it will be producing documents as described in paragraph four of the Court's order dated April 30, 2013 entered in In re Depakote, Case No. 12-cv-0052, S.D. Ill.

**REQUEST FOR PRODUCTION NO. 4:**

ABBOTT'S Standard Operating Procedures (SOPS)  pertaining to Pharmacovigilance, Risk Management, Product Safety, and Regulatory Affairs for all years from 1978 through the present.

**RESPONSE:**

Abbott further objects to Request No. 4 as overbroad and unduly burdensome to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's

response to this Request; to the extent that it seeks to require Abbott to produce all of the

documents described therein; and insofar as it seeks production of standard operating procedures

covering the time period of 1978 to present.

Subject to and without waiving these objections, Abbott states that its production to date

has included documents responsive to this Request.  Abbott further states that it will undertake

additional reasonable searches of the relevant sources for documents responsive to this Request

and will produce non-privileged, responsive documents, if any and to the extent available.

**REQUEST FOR PRODUCTION NO. 5:**

Drafts of all Safety Reports for DEPAKOTE, whether or not ultimately submitted to the FDA,
prepared in connection with YOUR obligations under 21 C.F.R. § 312.32 or 21 C.F.R. § 312.33.

**RESPONSE:**

Abbott further objects to Request No. 5 as overbroad and unduly burdensome as it seeks

production of "draft" documents covering a time period of more than three decades and such

documents for that time period are not maintained in a reasonably available location, if at all.

Abbott also objects to this Request as overbroad and unduly burdensome to the extent that it

seeks to require Abbott to produce all of the documents described therein, and insofar as it seeks

production of "Safety Reports" covering the time period of 1978 to present and the production of

drafts of "Safety Reports" unrelated to the risk of birth defects associated with the use of

Depakote.

**REQUEST FOR PRODUCTION NO. 6:**

Reports and drafts of reports of each and every study ever commenced, conducted, performed, or
sponsored by ABBOTT, or ever commenced, conducted, or performed by any person or entity
on behalf of ABBOTT, RELATING to DEPAKOTE, whether or not the study was ever
completed.

**RESPONSE:**

Abbott further objects to Request No. 6 as overbroad and unduly burdensome to the extent it seeks production of "drafts," and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request. Abbott also objects to this Request as vague and ambiguous in its use of the terms "reports" and "study." Abbott also objects to this request to the extent it seeks to require Abbott to produce additional documents concerning clinical studies supporting product indications unrelated to the three bellwether cases.

Subject to and without waiving its objections, Abbott states that its production to date has included numerous Depakote clinical study documents. For example, the Depakote regulatory files, which have been produced to Plaintiffs, contain clinical study documents (including, for example, reports and protocols), as well as IND annual reports, which document clinical study activity for the given year. In addition, Abbott has produced, and is producing, the files of various key players in the Depakote clinical study program.

**REQUEST FOR PRODUCTION NO. 7:**

Reports, minutes, agenda, and all other records, on paper or any other medium, of all meetings, consultations, or discussions on changes to the labeling for DEPAKOTE.

**RESPONSE:**

Abbott further objects to Request No. 7 as overbroad and unduly burdensome to the extent it seeks to require Abbott to produce all documents relating to Depakote labeling and label changes; to the extent it seeks to require Abbott to produce additional labeling and label change documents unrelated to label changes bearing on birth defects; to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; and to the extent it seeks to require Abbott to produce all documents described therein.

Subject to and without waiving its objections, Abbott states that its production to date has included numerous documents relating to Depakote labeling and label changes.  For example, the Depakote regulatory files, which have been produced to Plaintiffs, contain the correspondence between Abbott and the FDA for any given label change, as well as the internal Abbott documentation of phone calls and meetings with the FDA.  In addition, Abbott has produced, and is producing, the files of various key players in Depakote label changes.

**REQUEST FOR PRODUCTION NO. 8:**

Non-privileged DOCUMENTS containing the following information for the years 1995 to the present: (i) The total number of prescriptions and samples that were filled or samples dispensed for DEPAKOTE, made by ABBOTT, in the United States; (ii) the total number of prescriptions and samples that were filled or samples given  for DEPAKOTE, made by ABBOTT in other countries that ABBOTT is aware of; (iii) the total number of prescriptions filled and samples dispensed in the United States and in other countries, broken down by (iii)(a) males; (iii)(b) females; and (iii)(c) females between 14 - 40 years of age.

**RESPONSE:**

Abbott further objects to Request No. 8 as irrelevant, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents unrelated to the matters at issue in this litigation.  Abbott also objects to this Request to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.  Abbott also objects to this Request as vague and ambiguous in its use of the phrase, "made by ABBOTT" as used in subsections (i) and (ii) of this Request.  Abbott also objects to this Request as misleading to the extent that it incorrectly suggest that Abbott sells Depakote directly to patients (it does not) and fills prescriptions that healthcare providers write for patients (it does not).

Subject to and without waiving its objections, Abbott states that information responsive to this Request as it relates to the physicians who prescribed Depakote to the biological mothers

in the three bellwether cases prior to the birth of the child, if available, can be found in Abbott's

production of the Defendant's Fact Sheets.

## REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING, REFERRING or supporting the statement in ABBOTT's package insert warning that the 1-2% risk for neural tube defects came from the U.S. Centers for Disease Control.

## RESPONSE:

Abbott further objects to Request No. 9 as overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to

require Abbott to produce all documents described therein; and because it seeks production of

publicly available documents which are as accessible to Plaintiffs as they are to Abbott.

## REQUEST FOR PRODUCTION NO. 10:

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, reflecting or REFERING both to DEPAKOTE and to spina bifida aperta.

## RESPONSE:

Abbott further objects to Request No. 10 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because it seeks to require

Abbott to produce documents from "any database, e-mail server, archive, common drive,

custodial file, or other repository containing documents or electronically stored information;"

because it seeks to require Abbott to produce documents "for any current or former Abbott

employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to

produce documents in addition to those identified in Abbott's response to this Request.  Abbott

also objects to this request as vague and ambiguous in its use of the phrase "documents  . . .

reflecting . . . both to Depakote and to spina bifida aperta."

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "spina bifida," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

**REQUEST FOR PRODUCTION NO. 11:**

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, relating to ABBOTT's adverse drug reaction reports of DEPAKOTE pregnancy exposures.

**RESPONSE:**

Abbott further objects to Request No. 11 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or electronically stored information;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.  Abbott also objects to this Request as vague and ambiguous in its use of the phrase "adverse drug reaction report of Depakote pregnancy exposures."

11

Subject to and without waiving its objections, Abbott states that it has produced to Plaintiffs' counsel extracts of Abbott's adverse event database, thereby providing Plaintiffs with access to adverse event reports received by Abbott relating to congenital anomalies/birth defects associated with Depakote. Abbott's production of the extracts enables Plaintiffs' counsel to run queries on the data associated with those reports. Adverse event reports are also contained throughout Abbott's document production, including specifically in Abbott's production of the Depakote regulatory files, which include, among other things, Periodic Adverse Drug Experience Reports.

### REQUEST FOR PRODUCTION NO. 12:

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, RELATING TO proposed wording for the warnings, labels, and package inserts for DEPAKOTE, including but not limited to (i) drafts of proposed labels, warnings, and package inserts, (ii) internal memoranda, analyses, correspondence, or other DOCUMENTATION RELATING TO the wording or information to be included in same, and (iii) any analyses, studies, or discussion prepared by, for, or on behalf of ABBOTT RELATING TO the effects on sales or marketing of DEPAKOTE from including information regarding potential teratogenic effects.

### RESPONSE:

Abbott further objects to Request No. 12 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or electronically stored information;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; to the extent it seeks to require Abbott to produce all documents relating to Depakote labeling and label

12

changes; and to the extent it seeks to require Abbott to produce additional labeling and label

change documents unrelated to label changes bearing on birth defects.

Subject to and without waiving its objections, Abbott states that its production to date has

included numerous documents relating to Depakote labeling and label changes.  For example, the

Depakote regulatory files contain the correspondence between Abbott and the FDA for any given

label change, as well as the internal Abbott documentation of phone calls and meetings with the

FDA.  In addition, Abbott has produced, and is producing, responsive documents, including

electronically stored information, from the files of various key players in Depakote label

changes.  Abbott will also undertake a reasonable search of the relevant sources for additional

documents relating to Depakote label changes and will produce non-privileged, responsive

documents, if any and to the extent available.

## REQUEST FOR PRODUCTION NO. 13:

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or
other repository containing DOCUMENTS or electronically stored information for any current
or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS
contained in an NDA or IND file, containing or RELATING TO discussions by ABBOTT of the
potential human teratogenic effects of  DEPAKOTE.

## RESPONSE:

Abbott further objects to Request No. 13 as overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence because it seeks to require

Abbott to produce documents from "any database, e-mail server, archive, common drive,

custodial file, or other repository containing documents or electronically stored information;"

because it seeks to require Abbott to produce documents "for any current or former Abbott

employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to

produce documents in addition to those identified in Abbott's response to this Request.

13

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "teratogen*," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

## REQUEST FOR PRODUCTION NO. 14:

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, discussing, studying, reporting on, analyzing, or otherwise RELATED TO the knowledge, awareness, perception, or appreciation of physicians and medical providers of the potential human teratogenic effects of DEPAKOTE.

## RESPONSE:

Abbott further objects to Request No. 14 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or electronically stored information;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott refers Plaintiffs to its response to Request No. 13 and further states that it will undertake a reasonable search for additional documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 15:

14

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, RELATING TO the potential effect on DEPAKOTE sales of including information about the potential human teratogenic effects of DEPAKOTE in labeling, product warnings, or package inserts.

**RESPONSE:**

Abbott further objects to Request No. 15 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because it seeks to require

Abbott to produce documents from "any database, e-mail server, archive, common drive,

custodial file, or other repository containing documents or electronically stored information;"

because it seeks to require Abbott to produce documents "for any current or former Abbott

employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to

produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, and without implying that documents of

the type described in the Request exist, Abbott states that its production to date has included

numerous documents concerning the marketing of Depakote and that it will undertake a

reasonable search for documents described in this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Any DOCUMENTS from any database, e-mail  server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, RELATING TO discussion or analysis about whether to require some or all females taking DEPAKOTE to take or submit to pregnancy testing in any form.

**RESPONSE:**

Abbott further objects to Request No. 16 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because it seeks to require

15

Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or electronically stored information;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that it has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "pregnan*," and thus documents from the files of those key employees responsive to this Request, if any, have been produced. In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

## REQUEST FOR PRODUCTION NO. 17:

Any DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or electronically stored information for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, RELATING TO or containing any explicit or implicit comparison of the potential teratogenic effects of DEPAKOTE to (i) Accutane, (ii) other anti-epileptic drugs, (iii) other ABBOTT products, or (iv) other products known or suspected of having potential human teratogenic effects.

## RESPONSE:

Abbott further objects to Request No. 17 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or electronically stored information;" because it seeks to require Abbott to produce documents "for any current or former Abbott

16

employee, contractor or third party vendor;" to the extent it seeks to require Abbott to produce

documents relating to Depakote and "Accutane," "other Abbott products," or "other products

known or suspected of having potential human teratogenic effects;" and to the extent it seeks to

require Abbott to produce documents in addition to those identified in Abbott's response to this

Request.

Subject to and without waiving its objections, Abbott states that, to date, Abbott has

made extensive productions of electronically stored information from the results of searches of

the electronic files of 21 key Abbott employees, using over 100 search terms selected by

Plaintiffs, including "Depakote" and "teratogen*," and thus documents from the files of those

key employees responsive to this Request, if any, have been produced.  In addition to completing

the production of the files of the 21 key employees, Abbott is also gathering electronically stored

information from additional current and former employees.

**REQUEST FOR PRODUCTION NO. 18:**

Historical organization charts or Human Resources lists of personnel having any involvement
with or responsibility for (exclusively or otherwise) DEPAKOTE, including job title, department
or function, and years of employment in each department or position, for all years from 1978
through 2010. This includes but is not limited to Neuroscience, pharmacovigilance, product
safety, safety surveillance, risk management, medical affairs, training, marketing, sales,
regulatory affairs, global medical information, global labeling, clinical research, pharmacology,
management, and boards of directors.

**RESPONSE:**

Abbott further objects to Request No. 18 as overbroad and unduly burdensome insofar as

it seeks production of organizational charts covering the time period of 1978 to 2010.

Subject to and without waiving its objections, Abbott states that its production to date has

included numerous organizational charts or other documents containing information typically

contained in organizational charts.  Abbott has undertaken a reasonable search for additional

17

organizational charts and has produced those that it has found.  Additional documents of this

type might be contained in Abbott's upcoming production of the custodial files of additional

employees, as many of the documents produced to date by Abbott containing information

typically contained in organizational charts have been from the production of custodial files.

## REQUEST FOR PRODUCTION NO. 19:

All non-privileged DOCUMENTS from any  database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, consisting of or containing COMMUNICATIONS with the U.S. Food & Drug Administration ("FDA") that mention "folate" or "folic acid" with respect to or in connection with DEPAKOTE.

## RESPONSE:

Abbott further objects to Request No. 19 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because it seeks to require

Abbott to produce documents from "any database, e-mail server, archive, common drive,

custodial file, or other repository containing documents or ESI;" because it seeks to require

Abbott to produce documents "for any current or former Abbott employee, contractor or third

party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to

those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that its production to date has

included the regulatory files for the Depakote products, which contain the official

correspondence and communication with the FDA.  Abbott further states that it has made

extensive productions of electronically stored information from the results of searches of the

electronic files of 21 key Abbott employees, including key players involved in communications

with the FDA concerning Depakote, using over 100 search terms selected by Plaintiffs, including

"Depakote" and "folate" or "folic acid," and thus documents from the files of those key

18

employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

## REQUEST FOR PRODUCTION NO. 20:

All non-privileged DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, mentioning "folate" or "folic acid" with respect to or in connection with DEPAKOTE.

## RESPONSE:

Abbott further objects to Request No. 20 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or ESI;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "folate" or "folic acid," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

## REQUEST FOR PRODUCTION NO. 21:

All non-privileged DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, mentioning, REFERENCING, or RELATING TO labeling or warning with respect to folic acid use for women taking DEPAKOTE.

**RESPONSE:**

Abbott further objects to Request No. 21 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or ESI;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that its production to date has included numerous documents relating to Depakote labeling and label changes.  For example, the Depakote regulatory files contain the correspondence between Abbott and the FDA for any given label change, as well as the internal Abbott documentation of phone calls and meetings with the FDA.  Abbott further states that it has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, including key players in Depakote label changes, using over 100 search terms selected by Plaintiffs, including "Depakote" and "folic acid," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

**REQUEST FOR PRODUCTION NO. 22:**

All non-privileged DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, REFERENCING or RELATING TO the interaction between DEPAKOTE and folate levels.

**RESPONSE:**

Abbott further objects to Request No. 22 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or ESI;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "folate," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

**REQUEST FOR PRODUCTION NO. 23:**

All non-privileged DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, REFERENCING or RELATING TO any attempt or effort by YOU to reduce, eliminate, or minimize the teratogenic effects of DEPAKOTE.

**RESPONSE:**

Abbott further objects to Request No. 23 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or ESI;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "teratogen*," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

## REQUEST FOR PRODUCTION NO. 24:

All non-privileged DOCUMENTS from any  database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, REFERENCING or RELATING TO any discussion, objective, desire, attempt, or effort by YOU to develop or market a compound having the same or substantially similar indications as DEPAKOTE but with less severe or less frequent teratogenic effects.

## RESPONSE:

Abbott further objects to Request No. 24 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or ESI;" because it seeks to require

Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "teratogen*," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

## REQUEST FOR PRODUCTION NO. 25:

All non-privileged DOCUMENTS from any database, e-mail server, archive, common drive, custodial file, or other repository containing DOCUMENTS or ESI for any current or former ABBOTT employee, contractor, or third party vendor, other than DOCUMENTS contained in an NDA or IND file, REFERENCING or RELATING TO any attempt or effort by YOU to reduce, eliminate, or minimize the teratogenic effects of DEPAKOTE, which REFERENCE, RELATE, or mention instituting or potentially instituting a program or policy for DEPAKOTE use by women that would require pregnancy tests and/or birth control under any circumstances.

## RESPONSE:

Abbott further objects to Request No. 25 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to require Abbott to produce documents from "any database, e-mail server, archive, common drive, custodial file, or other repository containing documents or ESI;" because it seeks to require Abbott to produce documents "for any current or former Abbott employee, contractor or third party vendor;" and to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request.

23

Subject to and without waiving its objections, Abbott states that, to date, Abbott has made extensive productions of electronically stored information from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs, including "Depakote" and "pregnan*," and thus documents from the files of those key employees responsive to this Request, if any, have been produced.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce a field list (including, if applicable, drop-down lists or categories for each field) for the following databases or systems:

a) GEARS
b) IRT Warehouse
c) GLASS
d) EMPIRICA
e) MAX and SNAP
f) KEYSTONE
g) EPASS
h) MIRS WEB and MRS
i) GLS
j) RIMS
k) IMS (Market data including and not limited to VeriSpan, Scott Levin, Lash, McKesson)
1) EDOCS
m) GMI LIT and PR LIT

**RESPONSE:**

Abbott further objects to Request No. 26 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the requested field lists are not limited to fields that contain Depakote-related information.  With respect to the IMS field list, Abbott also objects on the basis

24

that Abbott does not have an agreement in place with the third-party vendor under which Abbott

can produce such a list, and Plaintiffs may obtain the requested list directly from IMS.

Subject to and without waiving its objections, Abbott states that production of documents

from Abbott databases is the subject of ongoing negotiations with Plaintiffs.

## REQUEST FOR PRODUCTION NO. 27:

Please produce all standard operating procedures ("SOPs") RELATING TO use of each database
or system listed in Request No. 26 above, including any standardized glossary or list of common
term used by YOUR Records Information Center to populate fields in the database, and any
SOPs RELATING TO what DOCUMENTS are submitted to, or included in each database listed
in Request No. 26 above.

## RESPONSE:

Abbott further objects to Request No. 27 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence to the extent that it seeks to require Abbott to produce SOPs that do not

pertain to the Depakote-related information stored in the databases listed in Request No. 26.

With respect to the portion of this Request directed to IMS, Abbott also objects on the basis that

Abbott does not have an agreement in place with the third-party vendor under which Abbott can

produce such requested documents, and Plaintiffs may obtain the requested documentation

directly from IMS.

Subject to and without waiving its objections, Abbott states that production of documents

from Abbott databases is the subject of ongoing negotiations with Plaintiffs.

## REQUEST FOR PRODUCTION NO. 28:

Please produce user DOCUMENTATION, system administrator DOCUMENTATION, and
training materials used in reference to the databases listed in Request No. 26 above.

## RESPONSE:

Abbott further objects to Request No. 28 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce confidential and/or proprietary information.  Abbott also objects to this Request as vague and ambiguous in its use of the terms "user documentation" and "system administrator documentation."  With respect to the portion of this Request directed to IMS, Abbott also objects on the basis that Abbott does not have an agreement in place with the third-party vendor under which Abbott can produce such requested documents, and Plaintiffs may obtain the requested documentation directly from IMS.

Subject to and without waiving its objections, Abbott states that production of documents from Abbott databases is the subject of ongoing negotiations with Plaintiffs.

## REQUEST FOR PRODUCTION NO. 29:

Please produce that portion of the GEARS database containing information RELATING TO (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches.

## RESPONSE:

Abbott further objects to Request No. 29 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; and to the extent it seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this litigation.

26

Subject to and without waiving its objections, Abbott states that documents responsive to this Request are the subject of ongoing negotiations with Plaintiffs.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce any data or reports, generated by or using the IRT WAREHOUSE, GLASS and EMPRICA systems files RELATING TO (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches.

**RESPONSE:**

Abbott further objects to Request No. 30 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; to the extent it seeks to require Abbott to produce documents containing personal health information and/or any information protected from disclosure by 21 C.F.R. § 20.63 concerning persons other than Plaintiffs; and to the extent it seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this litigation.

Subject to and without waiving its objections, Abbott states that documents responsive to this Request are the subject of ongoing negotiations with Plaintiffs.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce from the MAX and SNAP databases (and any predecessor CRM type databases) all records of contact (call notes) with any physicians or institutions CONCERNING any valproate-based drug compound, including any samples provided to physicians or medical facilities. In addition to prescribers linked directly to plaintiffs in this action, please include call note and sample information RELATING TO contacts with any physicians and medical institutions that at any time have been among the 500 highest-volume or most frequent prescribers of any valproate-based drug compound in the states where the plaintiffs reside. This request is limited to data containing information or reference to (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible

drug therapy for seizures, bi-polar disorder, or migraine headaches. For purposes of this request, "highest-volume" and "most frequent" is intended to REFER to any time interval on which ABBOTT measures, tracks, or has information regarding the volume or frequency of prescriptions written.

**RESPONSE:**

Abbott further objects to Request No. 31 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; to the extent it seeks to require Abbott to produce documents regarding drug compounds other than vpa products manufactured by or for Abbott; to the extent it seeks to require Abbott to produce all of the documents described therein; to the extent it seeks to require Abbott to produce sales/detail records pertaining to sales calls other than those made to the physicians who prescribed Depakote to the biological mothers in the three bellwether cases prior to the birth of the child; and to the extent it seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this litigation.

Subject to and without waiving its objections, Abbott states that information responsive to this Request as it relates to the physicians who prescribed Depakote to the biological mothers in the three bellwether cases prior to the birth of the child, if available, can be found in Abbott's production of the Defendant's Fact Sheets.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all KEYSTONE field sales hierarchy data for the states of residence for all plaintiffs, including all national market management segmentation and upper management marketing hierarchy.

**RESPONSE:**

Abbott further objects to Request No. 32 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to

require Abbott to produce documents in addition to those identified in Abbott's response to this Request; to the extent it seeks to require Abbott to produce all of the documents described therein; and to the extent it seeks to require Abbott to produce sales/detail records pertaining to sales calls other than those made to the physicians who prescribed Depakote to the biological mothers in the three bellwether cases prior to the birth of the children for whom claims are being brought.

Subject to and without waiving its objections, Abbott states that information responsive to this Request as it relates to the physicians who prescribed Depakote to the biological mothers in the three bellwether cases prior to the birth of the child, if available, can be found in Abbott's production of the Defendant's Fact Sheets.

## REQUEST FOR PRODUCTION NO. 33:

Please produce that portion of the MIRS WEB and MIRS databases containing information RELATING TO (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches. This request includes DOCUMENTS, related meta data, and all information related to contacts with physicians or institutions.

## RESPONSE:

Abbott further objects to Request No. 33 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; to the extent it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; and to the extent it seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this litigation.

Subject to and without waiving its objections, Abbott states that information responsive to this Request as it relates to the physicians who prescribed Depakote to the biological mothers

29

in the three bellwether cases prior to the birth of the child, if available, can be found in Abbott's

production of the Defendant's Fact Sheets.

## REQUEST FOR PRODUCTION NO. 34:

Please produce that portion of the GLS database containing information RELATING TO draft, proposed, submitted, or approved labels (including complete and partial revisions to labels) for (i) any valproate-based drug compound and (ii) birth defects and any other compound developed or investigated as a possible anti-seizure medication.

## RESPONSE:

Abbott further objects to Request No. 34 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence to the extent that it seeks to require Abbott to produce documents relating

to drug compounds other than vpa products manufactured by or for Abbott; and to the extent it

seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this

litigation.

Subject to and without waiving its objections, Abbott states that documents responsive to

this Request are the subject of ongoing negotiations with Plaintiffs.

## REQUEST FOR PRODUCTION NO. 35:

Please produce both DOCUMENTS and meta data from the RIMS database containing information RELATING TO (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches.

## RESPONSE:

Abbott further objects to Request No. 35 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; and to the extent it seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this litigation.

Subject to and without waiving its objections, Abbott states that documents responsive to this Request are the subject of ongoing negotiations with Plaintiffs.

## REQUEST FOR PRODUCTION NO. 36:

Please produce all IMS data (or other data similar in content or purpose from other market data systems or vendors) RELATING TO drug compounds for the treatment or prevention of seizures, migraine headaches, or any aspect of bipolar disorder.

## RESPONSE:

Abbott further objects to Request No. 36 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce confidential and/or proprietary information; to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; and to the extent it seeks to require Abbott to produce all of the documents described therein.

Subject to and without waiving its objections, Abbott states that information responsive to this Request as it relates to the physicians who prescribed Depakote to the biological mothers in the three bellwether cases prior to the birth of the child, if available, can be found in Abbott's production of the Defendant's Fact Sheets.

31

**REQUEST FOR PRODUCTION NO. 37:**

To the extent not encompassed in the foregoing Request Nos. 29 through 36, please produce all market data and reports (e.g., IMS data, Verispan data, Scott Levin data, etc.) RELATING TO the market for drug compounds for the treatment or prevention of seizures, migraine headaches, or any aspect of bipolar disorder.

**RESPONSE:**

Abbott further objects to Request No. 37 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; to the extent it seeks documents relating to the market for drug compounds for the treatment of migraine headaches or any aspect of bipolar disorder; and to the extent it seeks documents from the time period after the birth of the bellwether Plaintiffs.  Abbott also objects to this Request on the basis that Abbott does not have an agreement in place with the third-party vendor under which Abbott can produce the requested IMS data, and Plantiffs may obtain the requested data directly from IMS.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce that portion of the EDOCS database containing information RELATING TO (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches. This request includes both data as well as DOCUMENTS and all related meta data about those DOCUMENTS.

**RESPONSE:**

Abbott further objects to Request No. 38 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce documents relating

to drug compounds other than vpa products manufactured by or for Abbott; and to the extent it

seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this

litigation.

Subject to and without waiving its objections, Abbott states that documents responsive to

this Request are the subject of ongoing negotiations with Plaintiffs.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce that portion of the GMI LIT and PR LIT databases RELATING TO (i) any
valproate-based drug compound or (ii) birth defects AND any other compound developed or
investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches.
This request includes both data as well as DOCUMENTS (e.g. medical literature) and related
meta data about those DOCUMENTS.

**RESPONSE:**

Abbott further objects to Request No. 39 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence to the extent that it seeks to require Abbott to produce documents relating

to drug compounds other than vpa products; and to the extent it seeks to require Abbott to

produce documents otherwise unrelated to the matters at issue in this litigation.

Subject to and without waiving its objections, Abbott states that documents responsive to

this Request are the subject of ongoing negotiations with Plaintiffs.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce that portion of the EPASS database containing information RELATING TO (i)
any valproate-based drug compound or (ii) birth defects AND any other compound developed or
investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches.
This request includes both data as well as DOCUMENTS and related meta data about those
DOCUMENTS.

**RESPONSE:**

Abbott further objects to Request No. 40 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Abbott also objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; and to the extent it seeks to require Abbott to produce documents otherwise unrelated to the matters at issue in this litigation.

Subject to and without waiving its objections, Abbott states that documents responsive to this Request are the subject of ongoing negotiations with Plaintiffs.

## REQUEST FOR PRODUCTION NO. 41:

To the extent not encompassed by the foregoing request, please produce in native or near native format all DOCUMENTS and document indices  RELATING TO promotional or marketing DOCUMENTS for (i) any valproate-based drug compound or (ii) birth defects AND any other compound developed or investigated as a possible drug therapy for seizures, bi-polar disorder, or migraine headaches. This request includes, but is not necessarily limited to, the promotional and marketing DOCUMENTS themselves, together with any manual routing and approval forms RELATING TO the creation, review, and approval of such DOCUMENTS. Materials RELATING TO "promotional and marketing DOCUMENTS" also includes, but is not limited to, "Dear Doctor Letters" or similar communications either from ABBOTT or from vendors, as well as Form 2253 DOCUMENTS.

## RESPONSE:

Abbott further objects to Request No. 41 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to require Abbott to produce documents relating to drug compounds other than vpa products manufactured by or for Abbott; to the extent it seeks to require Abbott to produce documents in addition to those identified in Abbott's response to this Request; and to the extent it seeks to require Abbott to produce all of the documents described therein.

34

Subject to and without waiving its objections, Abbott states that it is producing

promotional materials as they are maintained in Abbott's repositories for such materials.

**REQUEST FOR PRODUCTION NO. 42:**

All 'Document / Data Custodian Questionnaires' and responses thereto in connection with any 'Legal Hold Order' issued in any proceeding RELATING TO DEPAKOTE.

**RESPONSE:**

Abbott further objects to Request No. 42 as irrelevant, overbroad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence because it seeks to

require Abbott to produce documents unrelated to the matters at issue in this litigation.  Abbott

also objects to this Request because it seeks to require Abbott to produce documents protected

from disclosure by the attorney/client privilege and/or work product doctrine.  Abbott also

objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to

the discovery of admissible evidence to the extent it seeks to require Abbott to produce

documents regarding "any proceeding relating to Depakote."

**REQUEST FOR PRODUCTION NO. 43:**

Please produce all 'legal files' (as the term 'legal file' was used by Tom Schmitt in his deposition in Weir v. Abbott Laboratories, Inc. on August 30, 2011) and E-Pass data for all promotional materials RELATED to DEPAKOTE for each year from 1978 to 2011.

**RESPONSE:**

Abbott further objects to Request No. 43 as overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to

require Abbott to produce documents in addition to those identified in Abbott's response to this

Request; and to the extent it seeks to require Abbott to produce all of the documents described

therein.

Subject to and without waiving its objections, Abbott states that it is producing

promotional materials as they are maintained in Abbott's repositories for such materials.

## REQUEST FOR PRODUCTION NO. 44:

Produce all 'representative education' materials (as the term 'representative education' was used by Tom Schmitt in his deposition in Weir v. Abbott Laboratories, Inc. on August 30, 2011) RELATED to DEPAKOTE for each year from 1978 to 2011.

## RESPONSE:

Abbott further objects to Request No. 44 as overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks to

require Abbott to produce documents in addition to those identified in Abbott's response to this

Request; and to the extent it seeks to require Abbott to produce all of the documents described

therein.

Subject to and without waiving its objections, Abbott states that it is producing sales

materials as they are maintained in Abbott's repositories for such materials.

## REQUEST FOR PRODUCTION NO. 45:

All e-mails for every person described in OR identified in response to Interrogatory Nos. 1 through 19 containing ANY combination of the following: (i) the terms "Depakote," "Depakene," "Depacon," "Valproate," "Valproic acid," "Divalproex sodium," or any compound number, NDA designation, or IND designation for any of the above; AND (ii) ANY of the following terms:

a) Abnormal
b) Abnormality(-ies)
c) Abort
d) Abortion(s)
e) Amniocentesis
f) Anomoly(-ies)
g) Birth(s)
h) Cardiac
i) Cleft
j) Congenital
k) Craniofacial
1) Craniosynostosis

36

m) Defect(s)
n) Deficiency
o) Deficient
p) Deform(-ed)
q) Deformity(-ies)
r) Delay(-ed)
s) Development(-al)
t) Dysmorphic
u) Dysmorphism
v) Ernbryo(s)
w) Embryopathy
x) Facial
y) Fetal
z) Fetus(-es)
aa) Folate
bb) Folic acid
cc) Genitourinary
dd) Heart
ee) Hydrocephalus
ff) Hypoplastic
gg) Hypospadias
hh) Impair(-ed)
ii) Impairment(s)
jj) Meningocele
kk) Myelomeningocele
11) Neural tube
mm) Pregnancy(-ies)
nn) Pregnant
oo) Prenatal
pp) Retardation
qq) Septal
rr) Spina bifida
ss) Spontaneous
tt) Syndrome(s)
uu) Teratogen(s)
vv) Teratogenic
ww) Teratogenicity
xx) Terminate
yy) Tetralogy
zz) Therapeutic

**RESPONSE:**

Abbott further objects to Request No. 45 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because it seeks all

37

documents described therein from "every person described in or identified in response to Interrogatory Nos. 1 through 19."  In addition, Abbott incorporates by reference its objections to Interrogatory Nos. 1 through 19.  To date, Abbott has made extensive productions of electronically stored information, including emails, from the results of searches of the electronic files of 21 key Abbott employees, using over 100 search terms selected by Plaintiffs themselves, including the terms identified in this Request and/or an inclusive variation of the same.  In addition to completing the production of the files of the 21 key employees, Abbott is also gathering electronically stored information from additional current and former employees.

Dated:  May 17, 2013                                  Respectfully submitted,

                                                      BRYAN CAVE LLP

                                          By:  /s/ Dan H. Ball
                                                Dan H. Ball
                                                dhball@bryancave.com
                                                Peter W. Herzog
                                                pwherzog@bryancave.com
                                                Stefan A. Mallen
                                                samallen@bryancave.com
                                                211 North Broadway, Suite 3600
                                                St. Louis, MO  63102
                                                (314) 259-2000 (telephone)
                                                (314) 259-2020 (facsimile)

                                                Paul F. Strain
                                                Stephen E. Marshall
                                                Dino Sangiamo
                                                VENABLE LLP
                                                750 East Pratt Street, Suite 900
                                                Baltimore, MD  21202
                                                (410) 244-7400

                                                *Attorneys for Abbott Laboratories Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 17, 2013, the foregoing was served via electronic mail to counsel of record.


/s/   Stefani L. Rothermel