**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE DEPAKOTE: RHEALYN ALEXANDER, et. al.,** ) | |
| ) | **Case No.  12-52-NJR-SCW** |
| ) | |
| **PLAINTIFFS,** ) | **LEAD CONSOLIDATED CASE** |
| ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | **ON ALL COUNTS** |
| **ABBOTT LABORATORIES, INC.,** ) | |
| ) | |
| **DEFENDANT.** ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' REQUEST FOR STATUS CONFERENCE**

Plaintiffs have requested that a status conference be held before the end of May 2014.

Abbott concurs with the suggestion that a status conference held at the Court's convenience

would benefit the Court and the parties, but notes the following clarifications of points asserted

as part of Plaintiffs' request:

Judge Murphy selected three cases (not just one) for individual bellwether trials, with two

of the three cases to be tried (separately) by Magistrate Judge Williams (with the parties'

consent).  The bellwether plaintiffs drawn at random were *J.B.* (*LeJeune*), *H.C.* (*Cassidy*), and

*B.P.* (*Fragnoli*).  (*See* Order dated Apr. 1, 2013, Case No. 12-cv-52, Doc. No. 97.)  Plaintiffs

dismissed *Cassidy* with prejudice.  The Court referred all discovery issues to Magistrate Judge

Williams, who held numerous conferences and resolved dozens of issues between spring 2013

and May 1, 2014.  On February 28, 2014, Judge Herndon reassigned the bellwether cases to

himself, with *J.B.* (the Plaintiffs' selection) set for a May 1, 2014 final pre-trial conference and a

May 12, 2014 trial.  (*See* Order dated Feb. 28, 2014, Case No. 13-cv-324, Doc. No. 136.)  At that

point, Magistrate Judge Williams was to continue "to serve as reference judge for all pretrial

discovery matters in all 'Depakote' cases."  (*Id.*)  On May 1, 2014, Judge Herndon vacated the

*J.B.* trial date and withdrew *J.B.* as a potential bellwether case (having concluded that it was not sufficiently representative),[1] reclaimed responsibility for discovery matters in the Depakote cases, and directed the parties to submit proposals for a new bellwether plan.[2]

With those clarifications, Abbott joins in the Plaintiffs' request for a status conference, to be scheduled at the Court's convenience.[3]

Dated:  May 20, 2014                                  BRYAN CAVE LLP

By: */s/ Dan H. Ball*
    Dan H. Ball
    dhball@bryancave.com
    Peter W. Herzog III
    pwherzog@bryancave.com
    Stefan A. Mallen
    samallen@bryancave.com
    211 North Broadway, Suite 3600
    St. Louis, MO  63102
    (314) 259-2000 (telephone)
    (314) 259-2020 (facsimile)

    VENABLE LLP

    Paul F. Strain
    Dino Sangiamo
    Michael B. MacWilliams
    750 East Pratt Street, Suite 900
    Baltimore, MD  21202
    (410) 244-7400

    **ATTORNEYS FOR ABBOTT**
    **LABORATORIES, INC.**

---

[1] The *Fragnoli* case had not yet been set for trial, but fact discovery in that case is completed, and Judge Herndon did not withdraw that case from bellwether consideration, as he did with *J.B.* (*LeJeune*).

[2] Plaintiffs' request for a status conference characterizes the Depakote Cases as a "mass action." Abbott's position is that a "mass action" is a jurisdictional construct only, and that the Depakote Cases, once properly removed pursuant to the "mass action" provision of 28 U.S.C. § 1332(d)(11), must be treated as any other cases (*e.g.*, any consideration of consolidation evaluated in accordance with Federal Rule of Civil Procedure 42).

[3] Plaintiffs requested that the conference be held "before the end of May" as an accommodation to one of Plaintiffs' lead counsel.  Abbott has no objection to such an expedited conference, but notes that one of Abbott's lead counsel is unavailable on May 29 and 30, and thus respectfully requests that those dates be avoided to the extent otherwise convenient for the Court.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

*/s/ Dan H. Ball*
