IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE:  RHEALYN ALEXANDER, et al., | Case No. 12-52-NJR-SCW LEAD CONSOLIDATED CASE |
| PLAINTIFFS, | |
| v. | |
| ABBOTT LABORATORIES, INC., | JURY TRIAL DEMANDED ON ALL COUNTS |
| DEFENDANT. | |

**ABBOTT LABORATORIES, INC.'S RESPONSES AND OBJECTIONS TO CONSOLIDATED PLAINTIFFS' SIXTH SET OF REQUESTS FOR ADMISSIONS**

Defendant Abbott Laboratories, Inc.,[1] pursuant to Rule 36 of the Federal Rules of Civil Procedure, responds and objects to Consolidated Plaintiffs' Sixth Set of Requests for Admissions (hereinafter "Requests").  Abbott's responses and objections to Plaintiffs' Requests are given without prejudice to Abbott's right to modify, change, or amend its responses and/or objections if Abbott should discover additional information related to the subject Request(s).  Reference in the responses and objections to a preceding or subsequent response incorporates both the information and the objections set forth in the referred-to response.

**GENERAL OBJECTIONS**

Abbott asserts the following general objections, which are hereby incorporated into each of the specific responses and objections to the Requests set forth below.

---

[1] For the purpose of responding to these Requests, Defendant Abbott Laboratories, Inc. has interpreted these Requests to seek admissions from Defendant Abbott Laboratories, Inc.; Abbott Laboratories, an Illinois corporation, which is the corporate parent of Defendant Abbott Laboratories, Inc.; and Defendant AbbVie, Inc., a Delaware corporation, to which Abbott Laboratories transferred its interests in its valproate-containing pharmaceutical products as of January 1, 2013.  Unless otherwise noted, as used in these responses, the term "Abbott" includes Defendant Abbott Laboratories, Inc.; Abbott Laboratories; and AbbVie, Inc.

1

1.  Abbott makes each objection to these Requests and responds to these Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of authenticity, improper foundation, competency, privilege, relevance, materiality, unfair prejudice, or any other proper grounds, to the use of the document identified or targeted by Plaintiffs' Requests for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; and (b) the right at any time to revise, correct, add to, or clarify any of the objections or responses now or hereafter served by Defendants.

2.  Abbott objects that the discovery requested herein is inappropriate at this stage of the litigation.

## RESPONSES AND OBJECTIONS

**REQUEST FOR ADMISSION NO. 193**:

Admit that, while Chief Executive Officer of Abbott, Robert Schoellhorn demanded a 15% profit increase each year.  *See* "Fired Executive Fought Back, Won," *Eugene Register-Guard*, November 3, 1994, at 1C.

**RESPONSE NO. 193**:

Abbott objects to Request No. 193 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because the subject matter of this Request for Admission has no evident relationship to the matters at issue in this litigation. It is inappropriate to ask Abbott to attempt to verify discussions occurring more than twenty years ago concerning overall company profits, especially given the effects of the passage of time on availability of people with knowledge and other information and the irrelevance of the inquiry to the matters in dispute in this litigation. Abbott also objects to this Request in its use of the term "demanded," which is vague and ambiguous in the context of this Request. Finally, Abbott objects to this Request because it

mischaracterizes the information found in the referenced publication; the article referenced by plaintiffs speaks for itself.

**REQUEST FOR ADMISSION NO. 194**:

Admit that, while Chief Executive Officer of Abbott, Robert Schoellhorn insisted on minimum annual gains in productivity of 7%, measured by sales and profits per employee.  *See* "Back in the Driver's Seat," *Eugene Register-Guard*, November 3, 1994, at 2C.

**RESPONSE NO. 194**:

Abbott objects to Request No. 194 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because the subject matter of this Request for Admission has no evident relationship to the matters at issue in this litigation.  It is inappropriate to ask Abbott to attempt to verify discussions occurring more than twenty years ago concerning gains in productivity, especially given the effects of the passage of time on availability of people with knowledge and other information and the irrelevance of the inquiry to the matters in dispute in this litigation.  Abbott also objects to this Request in its use of the term "insisted," which is vague and ambiguous in the context of this Request.  Finally, Abbott objects to this Request to the extent that it mischaracterizes the information found in the referenced publication; the article referenced by plaintiffs speaks for itself.

Date: June 11, 2014                                   Respectfully submitted,

                                                      BRYAN CAVE LLP

                                                By: */s/ Dan H. Ball*
                                                      Dan H. Ball
                                                      dhball@bryancave.com
                                                      Peter W. Herzog
                                                      pwherzog@bryancave.com
                                                      Stefan A. Mallen
                                                      samallen@bryancave.com
                                                      211 North Broadway, Suite 3600
                                                      St. Louis, MO 63102
                                                      (314) 259-2000 (telephone)
                                                      (314) 259-2020 (facsimile)

                                                      Paul F. Strain
                                                      Stephen E. Marshall
                                                      Dino Sangiamo
                                                      VENABLE LLP
                                                      750 East Pratt Street, Suite 900
                                                      Baltimore, MD 21202
                                                      (410) 244-7400

                                                      *Attorneys for Abbott Laboratories*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                                                      */s/ Dan H. Ball*

4