IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: RHEALYN ALEXANDER, et. al., | ) Case No. 12-52-NJR-SCW<br>) LEAD CONSOLIDATED CASE<br>) |
| PLAINTIFFS, | ) |
| v. | ) |
| ABBOTT LABORATORIES, INC., | ) JURY TRIAL DEMANDED<br>) ON ALL COUNTS |
| DEFENDANT. | ) |

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO
SHOW CAUSE REGARDING SEALED DOCUMENTS**

Plaintiffs respond to the Court's July 22, 2014 Order to Show Cause ("Order") regarding the filing of sealed documents and would respectfully show the Court as follows:

### I.  ARGUMENT AND AUTHORITY

The Protective Order entered in this case (the "Protective Order") (Dkt. No. 114) provides that "all medical, billing, pharmacy, insurance, financial and employment records of any Plaintiff or the relative of any Plaintiff are deemed to be 'Confidential' by the Court."[1] In accordance with this governing provision, the Federal Rules of Civil Procedure, the Local Rules of this Court, and controlling case law, Plaintiffs filed documents containing Minor Plaintiffs' identifying information and biological mothers' medical information under seal. There is good cause for this information to remain sealed, or, in the alternative for Plaintiffs to refile with Confidential Information redacted.

---

[1] Docket No. 114 at 3.

### A. Certain Information Regarding Plaintiffs Is Deemed Confidential And Should Remain Sealed.

The Protective Order is consistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, and governing case law when it deems medical, billing, pharmacy, insurance, financial and employment records of any Plaintiff or the relative of any Plaintiff Confidential. "Courts could not function effectively in cases involving sensitive information—trade secrets, medical files and minors, among many others—if they lacked the power to limit the use parties could make of sensitive information obtained from the opposing party by invoking the court's authority."[2] Thus, a court may allow documents to be sealed if there is "good cause for sealing a part of a record in that case."[3] There is good cause when the "plaintiff's interest in privacy outweighs the probative value of the information contained in the records."[4]

As an example, all Social Security numbers, names of minor children, dates of birth, drivers' license numbers, financial account numbers, and home addresses must be redacted before filing.[5] The Southern District of Illinois cautions that "failure to redact these personal identifiers may subject [counsel and parties] to discipline."[6]

Plaintiffs' information that Plaintiffs filed under seal relates to identifying information and injuries suffered by minor children and incapacitated adults as well as medical records for Minor Plaintiffs' biological mothers. In order to protect this information, Plaintiffs respectfully

---

[2] *Bittaker v. Woodford*, 331 F.3d 715, 726 (9th Cir. 2003). Though not controlling precedent, it is instructional that Illinois court rules also advise that "persons filing electronically shall exercise extreme caution when filing documents that contains . . . Medical records, such as treatment and diagnosis . . . Employment history information . . . [and] Individual financial information." *See, e.g.*, Ill. 3d Judicial Dist. R. 7.
[3] *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).
[4] *See Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).
[5] Fed. R. Civ. P. 5.2(a); S.D. Ill. Local Rule 5.1(d); S.D. Ill. Admin. Order 107.
[6] S.D. Ill. Local Rule 5.1(d).

request that the Court allow these documents to remain under seal, or, in some instances, allow Plaintiffs the opportunity to refile with redactions.

> **1. Docket No. 283: Plaintiffs' Exhibit to Plaintiffs' Proposed Trial Protocol Contains Information Regarding Minors That Requires Sealing Or Substantial Redaction.**

Document Number 283, Exhibit A to Plaintiffs' Proposed Trial Protocol, is a chart providing the names of 547 Minor Plaintiffs, their dates of birth, the names of their biological mother, reason for their mother's use of Depakote, states of residency, and overviews of each Minor Plaintiff's injuries. The purpose in filing this document was to assist the Court in selecting a representative bellwether case. Plaintiffs also provided the Court with synthesized versions of this information without any Confidential Information contained therein.[7]

At a minimum, the minors' names, dates of birth, and months of birth must be redacted in accordance with the Federal Rules of Civil Procedure and the Southern District of Illinois Local Rules.[8] Additionally, some of the mothers named in the chart took Depakote for the treatment of psychiatric disorders. This Circuit recognizes that psychiatric records may contain material that is "highly embarrassing to the average person yet somehow pertinent to this suit," and in such instance, "the judge could require that this material be placed under seal."[9]

There is no probative value in unsealing the Confidential Information contained in Docket Number 283, because the information was synthesized and provided to the Court in other, publicly available exhibits.[10] Because such a significant portion of the document would require redactions, Plaintiffs respectfully request that the document remain under seal to protect

---

[7] *See* Docket Nos. 282-1, 282-2.
[8] *See* Fed. R. Civ. P. 5.2(a); S.D. Ill. Local Rule 5.1(d); S.D. Ill. Admin. Order 107.
[9] *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).
[10] *See* Docket Nos. 282-1, 282-2.

the privacy rights of the minor children and health records of their biological mothers.[11] Should the Court decline to hold there is good cause to maintain the document under seal, Plaintiffs request the opportunity to refile a redacted version with the 547 names and birth dates of the Minor Plaintiffs redacted to reflect only their initials and year of Minor Plaintiffs' births.

    **2.    Docket Nos. 277 and 294: Plaintiffs' Motion for Sanctions And Reply To Plaintiffs' Motion For Sanctions Only Need Minor Redactions To Protect Medical Information.**

Plaintiffs' Motion for Sanctions ("Motion") and Reply to Motion for Sanctions ("Reply") were filed under seal because the bulk of the Motion and Reply cited to documents and testimony Abbott designated as Confidential. The only Confidential Information Plaintiffs wish to protect is found on page sixteen, paragraph one of the Motion and page three, paragraph two of the Reply. Both portions relate to the various antiepileptic drugs ("AEDs") taken by Minor Plaintiff's Biological Mother ("Plaintiff's Mother").

The privacy concerns regarding the medical information in the Motion and Reply significantly outweigh the probative value in determining the merits of Plaintiffs' Motion, Reply, or overall claims. Where a "litigant's interest in privacy outweighs the probative value of the information in the records," courts allow medical records to remain sealed.[12] Plaintiff's Mother's medical history is discussed to exemplify statements Abbott made to the Court regarding which AEDs were used to treat her epilepsy, not to prove Plaintiffs' claims. With the Court's permission, Plaintiffs respectfully request the opportunity to file a redacted version of this document with only the above referenced information redacted.

---

[11] *See Yeamon v. Hillerich & Bradsby Co.*, No. 12-6254, 2014 WL 2922663, at *n. 24 (10th Cir. June 30, 2014) (explaining that the medical records which were not readily amenable to redaction and not necessary to an understanding of the facts were appropriately sealed).

[12] *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *see, e.g.*, *Allen v. Nutrisystem, Inc.*, 546 F. App'x 98, n.4 (3d Cir. 2013) (citing *Doe v. Delie*, 257 F.3d 309, 314-15 (3d Cir. 2001)).

Exhibits B and C to Plaintiffs' Reply are medical records that relay sensitive information related to the health history of Plaintiff's Mother. For example, Exhibit B contains records regarding the emotional and physical effects that seizures had on Plaintiff's Mother. Exhibit C relays sensitive family history, for example, miscarriages of other family members, that has nothing to do with the motion the exhibits are used to support. Both of these records were filed as evidence of the AEDs actually taken by Plaintiff's Mother in response to a statement made by Abbott in prior briefing.[13]

**B.  Plaintiffs Filed Certain Documents And Exhibits Under Seal In Accordance With Abbott's Confidential Designations.**

Plaintiffs also filed documents and transcripts under seal based on Abbott designating the contents as Confidential in order to provide Abbott the opportunity to protect its Confidential Information. According to the Protective Order, a nonproducing party wishing to file materials designated as Confidential "shall file the materials conditionally under seal and give the producing party contemporaneous notice."[14] It is then the responsibility of the producing party to show good cause why the document should remain under seal.[15]

**1.  Docket No. 138: Plaintiffs' Sealed Documents Contain Information Regarding Information Databases Abbott Designated Confidential.**

Docket Numbers 138, 138-1, 138-2, 138-3, 138-4, 138-5, and 138-6 are all documents relating to Abbott's document and information databases. Plaintiffs have no Confidential

---

[13] The Court could also fashion a "hybrid remedy" that would allow the medical records in Exhibits B and C to remain under seal but require the references to those records in the Motion and Reply to become public. *See Chapman v. Raemisch*, No. 05-C-1254, 2009 WL 425813, at *7 (E.D. Wis. Feb. 20, 2009) (Adelman, J.); *see also Yeamon*, 2014 WL 2922663 at *n. 24 (10th Cir. June 30, 2014). Even if the Court does not allow Plaintiffs to refile a redacted version of the Motion, there is good cause, as discussed above, for Exhibits B and C to remain under seal. At a minimum, Plaintiffs request that they be permitted to refile Exhibits B and C with the medical information regarding non-party family members and all birthdates redacted.

[14] Docket No. 114 at 6.

[15] *Id.*

information that they seek to protect in these documents. Plaintiffs filed these documents under seal because Abbott designated all information related to these databases as Confidential.

### 2. Docket No. 246: Plaintiffs' Sealed Documents Contain Deposition Transcripts Abbott Designated Confidential.

Docket Numbers 246, 246-1, 246-2, 246-3, and 246-4 are all deposition transcripts of Abbott witnesses. Plaintiffs have no Confidential Information that they seek to protect in these transcripts. Plaintiffs filed the transcripts under seal because Abbott designated substantial portions of the transcripts as Confidential.

### 3. Docket Nos. 289 and 290: Plaintiffs' Memorandum in Support of Motion for Status Conference And Plaintiffs' Suggested Topics For Discussion Do Not Contain Confidential Information that Plaintiffs Seek To Protect.

Plaintiffs have no Confidential Information they wish to protect in Docket Number 289. Instead, Plaintiffs filed this document under seal because Plaintiffs cited to documents and deposition testimony and attached as exhibits documents that Abbott designated Confidential.

## C. Abbott Filed Some of Plaintiffs' Confidential Medical Information Under Seal In Docket No. 291 In Abbott's Response To Plaintiffs' Motion For Sanctions.

Abbott sealed Docket Number 291, Abbott's Response to Plaintiff's Motion for Sanctions ("Response") in its entirety. Plaintiffs seek to redact a small portion of the Response and to seal or redact certain exhibits. On page seven, paragraph two, Abbott discusses the history of Plaintiff's Mother's AED use other than Depakote and attaches medical records. As discussed in Section I.A.2. above, Plaintiff's Mother's privacy interests in her medical records far outweigh any probative value these statements, used to refute a motion for sanctions, may offer. Similarly, Document Number 291-18, labeled as Exhibit 17, contains medical records that outline not only Plaintiff's Mother's AED usage, but also contains unrelated details regarding her sexual activity. Document Number 291-19, labeled as Exhibit 18, provides a detailed medical history of Plaintiff's Mother's seizure disorder that offers no probative value for the motion it is

cited to support, other than to affirm certain AED usage. Thus, Plaintiffs respectfully request that should the Court choose to have Abbott refile the Response, that it require Abbott to redact medical information referenced on page seven, paragraph two and that it file Exhibits 17 and 18 under seal. In the alternative, Plaintiffs request that the Court require Abbott to redact birth date information in the medical records as well as the details regarding Plaintiff's Mother's sexual activity.

Document Numbers 291-22, 291-23, and 291-24, labeled as Exhibits 21, 22, and 23 consist of Plaintiffs' interrogatory responses from the original bellwether trials. Plaintiffs ask that the court require Abbott to redact the excerpts of each Plaintiff's Mother's deposition transcript attached as Exhibit A to all three documents in their entirety. Abbott did not file these interrogatory responses to prove or disprove the veracity of anything in Plaintiffs' responses. Instead, they were filed to support the proposition that Plaintiffs did not verify all interrogatory responses. Thus, these transcript excerpts, which discusses sensitive medical information pertaining to the sexual history, use of contraceptives and details surrounding pregnancy for Minor Plaintiffs' biological mothers, have no probative value in supporting Abbott's Response.

Document Number 291-25, labeled as Exhibit 24, is another interrogatory response from Plaintiff's Mother. Again, Abbott only filed these responses to support the proposition that Plaintiffs did not verify all interrogatory responses. Plaintiff's response to Interrogatory No. 16 reveals extremely sensitive information regarding Plaintiff's Mother's prior pregnancies. Because the content of this response provides no probative value to the resolution of the motion it supports, let alone the overall claims in the case, Plaintiffs respectfully request that the Court require Abbott to redact Plaintiff's Response to Interrogatory No. 16.

Document Number 291-26, labeled as Exhibit 25, is another Plaintiff interrogatory response filed by Abbott to support the proposition that Plaintiffs did not verify all interrogatory responses. Pages 11 through 14 are Plaintiff's Mother's deposition testimony. This testimony relates to both her medical history and the history of her child that suffered injuries from Depakote exposure. Though at the time of this deposition, the child was over the age of 18, there is still good cause to redact the transcript because the medical history discussed serves no probative value in supporting the motion for which they are filed.

## II. PRAYER

Plaintiffs respectfully request that the Court continue to maintain Plaintiffs' specifically-enumerated Confidential medical records and information related to Minor Plaintiffs under seal. In the event that the Court disagrees that Plaintiffs' medical information should remain under seal, Plaintiffs respectfully request the opportunity to file redacted versions of these documents to protect the information that the Federal Rules of Civil Procedure and the Local Rules of this Court require be redacted.

Respectfully submitted,

By: */s/ Christopher Cueto*
Christopher Cueto
Bar No.: 06192248
Michael Gras
Bar No.: 06303414

LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, Illinois 62223
Telephone: (618) 277-1554
Facsimile: (618) 277-0962

Ralph D. McBride
Tony L. Visage
Phillip L. Sampson, Jr.
Heath A. Novosad
Blair R. Loocke

Nancy R. McEvily
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

Jennifer M. Salim
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Telephone: (214) 468-3800
Facsimile: (214) 468-3888

John E. Williams, Jr.
John T. Boundas
Steven J. Kherkher
Sejal K. Brahmbhatt
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

William M. Audet
Joshua C. Ezrin
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

Jeff Meyer
THE MEYER LAW FIRM, P.C.
6363 Woodway Drive, Suite 720
Houston, Texas 77057
Telephone: (713) 974-4100
Facsimile: (713) 974-0225

Kenneth T. Fibich
Erin Copeland
FIBICH HAMPTON LEEBRON BRIGGS &
JOSEPHSON, LLP
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030

Robert L. Salim
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, Louisiana 71457
Telephone: (318) 352-5999
Facsimile: (318) 352-5998

Kathryn Harrington
Mark Ekonen
Amanda S. Williamson
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
P. O. Box 11310
Birmingham, Alabama 35202
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

George Erick Rosemond
ROSEMOND LAW GROUP, PC
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone: (713) 230-2342
Facsimile: (713) 649-3470

Janet G. Abaray
BURG SIMPSON ELDREDGE HERSH &
JARDINE, P.C.
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
Phone: (513) 852-5600
Fax: (513) 852-5611
E-mail: jabaray@burgsimpson.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record on August 21, 2014:

Stefan A. Mallen
Dan H. Ball
Peter W. Herzog, III
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, Illinois  63102

Paul F. Strain
Stephen E. Marshall
Dino Sangiamo
David S. Gray
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland  21202

                                                                */s/ Christopher Cueto*
                                                                 Christopher Cueto