IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D.W.K., Jr. and parents MARY and DANIEL KALETA, and | )<br>)<br>) |
| E.P. and C.P. and parents ROGER and MINDY PYSZKOWSKI, and | )<br>)     Case No. 13-cv-52-NJR-SCW<br>)     Case No. 14-cv-847-NJR-SCW |
| J.F. and parent MICHELLE LEAL | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| ABBOTT LABORATORIES, INC., | )<br>) |
| Defendant. | )<br>) |

## ORDER

**WILLIAMS, Magistrate Judge:**

On November 13, 2014, the Court held a discovery dispute conference. The following summarizes the Court's findings and rulings at that hearing.

**A. Motions for Leave to Amend (Doc. 39) (Doc. 40) (Doc. 41)**

The Court GRANTS the motions for leave to amend. Plaintiffs to file their amended complaints no later than November 13, 2014. Abbott shall file any motions to dismiss or other dispositive motions regarding the Amended Complaints no later than December 1, 2014.

**B. Identification of Plaintiff Mothers prescribed Depakote to Schizophrenia and Production/Collection of Prescribing Physician Records for those Mothers (Topic 146)**

Plaintiffs shall produce to Abbott all of the medical records currently in their possession that relate to the 11 mothers listed on Exhibit 3 no later than November 27, 2014. Plaintiff shall provide Abbott with general medical authorizations. Should follow-up authorizations be necessary,

the parties may meet and confer. The Court emphasizes that the focus must remain on the bellweather cases. The Court declines to put a blanket limitation on questioning in the depositions regarding Abbott's criminal plea because it finds the Plaintiffs have articulated a colorable reason for this information. However, whether this topic should be a subject of future 30(b)(6) depositions would depend on the scope of those depositions. The parties shall meet and confer on this issue and bring it to the Court, if necessary.

### C. Plaintiffs' Failure to Identify Crucial Prescribing Physicians in the Bellweather Cases (Topic 152)

The Court does not find that Plaintiffs acted in bad faith. The Court also does not believe that Abbott has been dilatory in seeking additional medical records. Should Stroger Hospital should in fact have records that require follow-up, the parties will meet and confer further on this issue and bring further requests to the Court as needed.

### D. Plaintiffs' "Motion" Regarding Search Term "VPA"

Abbott represents that the problem has been fixed and the production is now up to date. Abbott has produced approximately 7,500 new documents, not including duplicates. Plaintiffs ask for no relief at this time, but reserve the right to ask for relief later. The Court recognizes that the documents should have been produced before these bellweather cases were identified.

### E. Plaintiffs' inability to Provide Any Weekday/Workday Dates Within the Expert Discovery Period for the Deposition of Dr. Mové.

The motion deadline as to any motions regarding Dr. Mové is extended until December 17, 2014. Plaintiffs shall respond by January 7, 2015.

**IT IS SO ORDERED**.

DATED: November 13, 2014

/s/ Stephen C. Williams
**STEPHEN C. WILLIAMS**
United States Magistrate Judge

Case 3:12-cv-00052-NJR-SCW   Document 360   Filed 11/13/14   Page 3 of 3   Page ID #10416