IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| RHEALYN ALEXANDER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 12-CV-52-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., and | ) LEAD CONSOLIDATED CASE |
| ABBVIE, INC., | ) |
| | ) |
| Defendants. | ) |

ORDER REQUESTING BRIEFING
ON SUBJECT MATTER JURISDICTION

**ROSENSTENGEL, District Judge:**

This matter is before the Court, *sua sponte,* for purposes of determining whether the Court has subject matter jurisdiction over certain cases in the Depakote litigation. The vast majority of the Depakote litigation cases were filed directly in this District alleging diverse citizenship as the sole basis for this Court's subject matter jurisdiction. In each of these cases, the Complaint makes no reference to the original mass action or the provisions of the Class Action Fairness Act ("CAFA").[1] And a small number of the cases filed originally in this Court facially fail to allege any basis for federal subject matter jurisdiction. *See e.g., G.M., et al., v. Abbott Laboratories, Inc.,* No. 13-cv-890 (S.D. Ill. 2014) (alleging Illinois as the state of residence for both Plaintiff Sarah J. Dubeau and Defendant); *Bauman et al v. Abbott Laboratories Inc. et al,* No. 15-cv-472 (S.D. Ill. 2015)

---

[1] Only seven of the 133 Depakote litigation cases were consolidated and removed to this Court under the provisions of CAFA. *See In re Abbott Labs., Inc.,* 698 F.3d 568 (7th Cir. 2012).

(alleging Illinois as the state of residence for both Plaintiffs Lorri McDanel and A.M., and Defendants); *P.A. et al., v. Abbott Laboratories, Inc., et al.,* No. 15-cv-102 (S.D. Ill. 2015) (alleging Illinois as the state of residence for both Plaintiffs Pamela Reyes and J.A., and Defendants); *Sanders et al., v. Abbott Laboratories, Inc., et al.*, No.. 16-cv-21 (S.D. Ill. 2016) (alleging Illinois as the state of residence for both Plaintiff John Marzigliano and Defendants).[2]

It is well settled that lack of subject matter jurisdiction cannot be waived. *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993); *see Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (where the Seventh Circuit dismissed a case that had proceeded, on alleged diversity jurisdiction, to a jury verdict before discovering diversity was incomplete).

Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing that jurisdiction is proper by a preponderance of the evidence. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012); *Oshana v. Coca-Cola*, 472 F.3d 506, 511 (7th Cir. 2006) (*citing Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). While each of the referenced Depakote litigation cases contain Plaintiffs that are citizens of states other than Illinois, "[t]he rule is that if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even if there is also a nonresident party." *Am. Nat. Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 582 (7th Cir. 1984).

It is clear that traditional diversity jurisdiction does not exist in some of the Depakote cases pending in this District; what is not clear to the Court is the basis for

---

[2] The above is not an exclusive list of all cases that fail to facially allege diversity jurisdiction.

subject matter jurisdiction.3 Accordingly, the Court directs the parties to address the following two questions: (1) whether the jurisdictional provisions of CAFA apply to the cases referenced above; and if not, (2) whether there is an independent basis for federal subject matter jurisdiction.

Plaintiffs shall file a brief addressing subject matter jurisdiction of these cases on or before **October 7, 2016**. Defendants may file a response on or before **October 21, 2016**, and Plaintiffs may file a reply on or before **October 28, 2016**.

**IT IS SO ORDERED.**

DATED:   September 23, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

3  The Court notes that in all of the referenced cases Defendants did not file a motion to dismiss for lack of subject matter jurisdiction but instead filed an Answer simply stating "…the Complaint contains a legal conclusion [concerning jurisdiction] to which no response is required. To the extent a response is necessary, Defendants admit that they are residents of the states of Illinois and Delaware." *See e.g.,* 16cv21 (Doc. No. 7, at p. 4.)