IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| RHEALYN ALEXANDER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 12-CV-52-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., and | ) LEAD CONSOLIDATED CASE |
| ABBVIE, INC., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING CASES
FOR LACK OF SUBJECT MATTER JURISDICTION

**ROSENSTENGEL, District Judge:**

On September 23, 2016, the Court raised, *sua sponte*, whether subject matter jurisdiction exists over certain cases in the Depakote litigation. (Doc. 565). The primary concern was the small percentage of cases that allege complete diversity of citizenship as the sole basis for subject matter jurisdiction despite clear incomplete diversity between the parties. *Id.* at 1-2. While both sides agree that the Court has subject matter jurisdiction over 106 of the 116 directly filed cases, the parties differ on the remaining ten cases. Ironically, Plaintiffs assert that the Court lacks subject matter jurisdiction over all ten cases, while Defendants assert that the Court possesses subject matter jurisdiction over all ten cases.

For seven of the ten cases, (13-cv-0622; 13-cv-0890; 14-cv-0001; 15-cv-0102; 15-cv-0186; 15-cv-0472; and 16-cv-0021), Defendants assert that subject matter jurisdiction

exists because "Plaintiffs alleged [in their complaints] that 'this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332' (or substantially similar language invoking '28 U.S.C. § 1332')." (Doc. 638, at p. 10.) They argue that by referencing the generic § 1332 diversity statute combined with the assertion that complete diversity exists, Plaintiffs intended to invoke the specific mass action provision under subsection 1332(d). This Court finds that it would be clear error to make such a sweeping assumption regarding Plaintiffs' intention from the plain language contained in the complaints. Subject matter jurisdiction under the Class Action Fairness Act ("CAFA") requires a proposal by Plaintiffs to try the cases jointly before the mass action provision is triggered. 28 U.S.C. § 1332(d)(11)(B)(i). For the seven cases listed below, there is no reference to the Depakote mass action, CAFA, or even any request for a joint trial. The presence of an existing mass action within a district does not bestow federal subject matter jurisdiction on a case simply because they each allege similar facts and legal theories. The seven cases in this category do not present a federal question or invoke the provisions of CAFA, and contrary to the assertion in the complaints, complete diversity of citizenship does not currently exist.

To correct this jurisdictional defect, the Court turns to Federal Rule of Civil Procedure 21. Rule 21 allows this Court to drop a nondiverse dispensable party to secure subject matter jurisdiction in the remaining action. FED. R. CIV. P. 21; *Newman-Green, Inc. v. Alfonzo-Larrain*. 490 U.S. 826, 832 (1989) ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time…") This rule has been used in the Seventh Circuit to dismiss

defendants who destroy federal diversity jurisdiction. *See, e.g., Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416 (7th Cir. 2016); *see also Sta-Rite Industries Inc. v. Allstate Ins. Co.* 96 F.3d 281 (7th Cir. 1996) (where the Seventh Circuit contemplated dropping a Plaintiff under Rule 21, but ultimately declined to do so, finding that the Plaintiff was an indispensable party to the claim.) When a district court exercises this power to drop a party to preserve subject matter jurisdiction, the dismissal under Rule 21 is retroactive. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 621 (7th Cir. 2010).

A party is dispensable to an action when the Court can "accord complete relief among the existing parties in his absence, and there are no practical problems that would be created by his dismissal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing FED. R. CIV. P. 19(a)). Applying this standard to the present cases, it is clear that the nondiverse Plaintiffs in the seven Depakote cases are dispensable. Each Plaintiff has an individual and distinct claim against Defendants, and it is entirely possible to accord complete relief among the remaining parties in each of the individual Plaintiff's actions.[1] Combining multiple claims into a single complaint does not make each individual claim indispensable from the others. *See LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001) (Where the Second Circuit determined that one of two injured kayakers claiming to be injured by a single motor boat in a complaint was properly dismissed to preserve subject matter jurisdiction.) Accordingly, the following Plaintiffs are **DISMISSED** from these Depakote proceedings, without prejudice:

---

[1] It is undisputed that these cases present common issues of law and fact, however, the unifying commonalities are insufficient to make any one plaintiff "indispensable."

| Plaintiff(s) | Case Number | Case Style |
|---|---|---|
| James Vailes and minor Plaintiff J.V. | 13-CV-0622 | *Barbour, et al. v. Abbott Labs., Inc.* |
| Sarah J. DuBeau and minor Plaintiffs C.D. | 13-CV-0890 | *Moore, et al. v. Abbott Labs., Inc.* |
| Sarah J. DuBeau and minor Plaintiffs J.D. | 13-CV-0890 | *Moore, et al. v. Abbott Labs., Inc.* |
| Stacy Clemmons and minor Plaintiff A.C. | 14-CV-0001 | *Milam, et al. v. Abbott Labs., Inc.* |
| Pamela Reyes and minor Plaintiff J.A. | 15-CV-0102 | *Alexander, et al. v. Abbott Labs., Inc. and AbbVie Inc.* |
| Rebecca Jackson and minor Plaintiff I.G. | 15-CV-0186 | *Jackson v. Abbott Labs., Inc.* |
| Lorri McDanel and minor Plaintiff A.M. | 15-CV-0472 | *Bauman, et al. v. Abbott Labs., Inc. and AbbVie Inc.* |
| John Marzigliano | 16-CV-0021 | *Sanders, et al. v. Abbott Labs., Inc. and AbbVie Inc.* |

Exercising Rule 21 authority to dismiss the nondiverse Plaintiffs eliminates the diversity destroying Plaintiffs and ensures subject matter jurisdiction over the remaining claimants. The Clerk of Court is **DIRECTED** to terminate each Plaintiff listed in the chart above from CM/ECF. For case No. 15-cv-0186, *Jackson v. Abbott Labs., Inc.*, (S.D. Ill. 2015), the Clerk of Court is **DIRECTED** to close the case as Rebecca Jackson and minor Plaintiff I.G. were the only Plaintiffs therein. Additionally, the Court reserves its ruling on case No. 13-cv-686, *R.R., II, et al., v. Abbott Laboratories Inc.*, (S.D. Ill. 2013). Case No. 13-cv-686 is the same outlier direct ingestion case referenced in this Court's Order dated October 12, 2016, and the Court intends to address this issue at the upcoming status conference. *See* (Doc. 616, at p. 2).

The remaining two directly filed Depakote cases (Case Nos. 13-cv-1041, *Clay, et al., v. Abbott Laboratories, et al.*, (S.D. Ill. 2013) and 13-cv-1043, *Taft et al., v. Abbott*

*Laboratories, et al.*, (S.D. Ill. 2013)) contain only nondiverse parties such that Rule 21 cannot be utilized to ensure subject matter jurisdiction. Also, the complaints in these two cases expressly assert that this Court has subject matter jurisdiction under the mass action jurisdictional provisions of 28 U.S.C. §1332(d)(2) and (d)(11*). See Clay et al., v. Abbott Laboratories et al.*, No. 13-CV1041, Doc. 2 at p. 2; *Taft et al. v. Abbott Laboratories et al.*, No. 13-CV-1043, Doc. 2 at p. 2. Defendants contend that subject matter jurisdiction is obtained when a Plaintiff files a separate parallel complaint which invokes CAFA jurisdiction and vaguely references a pending mass action. (Doc. 638, at pp. 5-13). Conversely, Plaintiffs appear to contend that CAFA does not provide original jurisdiction for Plaintiffs to file directly in federal court and nevertheless, Plaintiffs' actions are insufficient to join the pending mass action.[2] (Doc. 608 at pp. 5-13).

The mass action provision of the Class Action Fairness Act ("CAFA") expands the diversity requirements under Section 1332 to provide for "minimum diversity" when certain conditions are met. 28 U.S.C. §1332(d)(2) and (d)(11). Concerning Plaintiffs assertion that CAFA works only as a removal statute, nothing in the language of statute or the legislative history limits its application as described by Plaintiffs. Contrary to Plaintiffs assertion, both section 1332(a) and 1332(d)(2) contain identical language concerning original jurisdiction. *Compare* 28 U.S.C. §1332(a); *with* 28 U.S.C. §1332(d)(2)

---

[2] It is difficult to ascertain Plaintiffs' desired outcome regarding these ten cases. On the one hand, they claim that the Court does not have subject matter jurisdiction. (Doc. 608, at p. 13) ("The Court lacks jurisdiction over [ten] actions filed in this Court."); (Doc. 652, at p. 6) ("Accordingly, the Court cannot properly exercise its jurisdiction over these 10 cases.") Yet on the other hand, they expressly state that they "do not seek the dismissal of any of the Directly Filed Depakote Cases." (Doc. 608). Certainly the Plaintiffs in these cases would not take such contradictory and juxtaposed position simply to build in a gratuitous appellate issue, but finding daylight between these positions has confounded the Court.

(each providing that "[t]he district court shall have original jurisdiction…" over any claim that meets the enumerated criteria set forth in their respective subsections.) The Seventh Circuit has acknowledged this language and its impact in *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d), added by CAFA, vests the district court with original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which the parties satisfy, among other requirements, minimal diversity.") (internal quotation omitted). Whether Plaintiffs file the cases in state court or directly in federal court, it is clear that federal subject matter jurisdiction can be obtained by using the minimum diversity provisions of CAFA.

It is clear that the Plaintiffs in the removed Depakote mass action clearly contemplated and wanted additional cases with similar allegations to be considered part of their action. *See* (Doc. 2-2, at p. 2) (requesting that the pending Depakote cases in the numerous Illinois state courts, "as well as future Depakote cases…." be consolidated.) Plaintiffs try to limit the impact and legal effect of their request by pointing to *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011). (Doc. 652, at p. 2) ("Seventh Circuit law is clear: for a proposal to effectively consolidate separate plaintiffs' claims for the purposes of creating a mass action under CAFA, '[t]he proposal must be to the court in which the suits are pending.'") (quoting *Koral*, 628 F.3d at 947). While the proposal for a joint trial triggering a mass action must occur before the court where the suits are pending, *Koral* does not address the circumstance at hand, *i.e.,*

attempts by a Plaintiff to join an existing mass action.[3]

The exact procedure for a party to join a removed mass action is not clearly defined by any appellate court. There is no language in CAFA or any indication in the legislative history that special procedural rules should apply once a mass action is created. Indeed, the current circumstance is no different than a nondiverse plaintiff seeking to join an existing Rule 23 class action. In either circumstance, jurisdiction does not exist until the parties are properly joined to the action. Whether it is an existing class action, standard case, or an existing mass action, this Court does not allow a party to join an existing action simply by filing a parallel complaint (even when it expressly references an existing case or class action). Cases that would otherwise lack subject matter jurisdiction are routinely added to existing cases under Rule 15, Rule 20, or Rule 24.[4] This Court recognizes that it is clear that the new Plaintiffs and the original mass action Plaintiffs intended for the claims to fall within the same mass action, however, the "procedures" utilized by the Plaintiffs in Case Nos. 13-cv-1041 and 13-cv-1043 fail to meet the basic requirements of the Federal Rules of Civil Procedure. Accordingly, these two cases have not been joined to the mass action and therefore the Court continues to lack subject matter jurisdiction. Case Nos. 13-cv-1041, *Clay, et al., v. Abbott Laboratories, et*

---

[3] This Court is skeptical that the clause cited by Plaintiffs has the sweeping implication they assert. When the quoted language is read in its full context, it becomes clear that Judge Posner was acknowledging a limitation on *defendants* as to what language may be cited when moving for removal under CAFA as a "proposal" by plaintiffs for a joint trial.

[4] Rule 24 of the Federal Rules of Civil Procedure allows a person to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Rule 20 of the Federal Rules of Civil Procedure allows a person to join an action as a plaintiff if that action arises "out of the same transaction, occurrence, or series of transactions or occurrences…" and there are common questions of law or fact that will arise in the action. FED. R. CIV. P. 20. Finally, Rule 15 allows the parties to amend the complaint to add parties to their claim.

*al.*, (S.D. Ill. 2013) and 13-cv-1043, *Taft et al., v. Abbott Laboratories, et al.*, (S.D. Ill. 2013) are hereby **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to close these two cases.

Finally on an administrative matter, this Court continues to notice Plaintiffs' use of footnotes for purposes of case citation. The excessive use of footnotes has been utilized by parties in other courts as a page limitation workaround. *See* 14-cv-2329-BLF, *Free Range Content, Inc., et al., v. Google Inc.,* (N.D. Ca. 2014) (noting that in a 25 page brief, Plaintiffs' copious and excessive footnotes concealed what would have been an additional 16 pages if drafted in the text of the main body). While there is no evidence to suggest Plaintiffs are utilizing footnotes citations for such a purpose, the Court nevertheless recommends that Plaintiffs discontinue their current practice.

**IT IS SO ORDERED.**

**DATED:  November 4, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**