## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE DEPAKOTE: | ) | |
| | ) | |
| RHEALYN ALEXANDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-52-NJR-SCW |
| | ) | |
| ABBOTT LABORATORIES, INC., and | ) | LEAD CONSOLIDATED CASE |
| ABBVIE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On April 11, 2017, the Court issued one omnibus Order granting summary judgment for Defendants concerning the Indiana statute of repose. (Doc. 136). At the conclusion of the Order, the Court instructed the Clerk of Court to enter judgment in each respective case. Given the nature of the Depakote mass action and the issue underlying the Order granting summary judgment, the Court intended to issue judgment pursuant to Rule 54(b) for any case that had multiple parties unaffected by the Order. On April 14, 2017, the Court requested input from the parties before entering a final judgment on the matter. The parties provided a joint response on April 28, 2017, agreeing that judgment pursuant to Rule 54(b) was appropriate for the following Plaintiffs' claims: (1) Ginnifer E. and Philip Baugher, individually as parents and next friends of F.B., a minor; (2) Nicky Name (also known as Nicky Ward), individually as parent and next friend of J.W.A., a minor; (3) Kathy Garrett, individually and as next

friend of C.T; (4) Angie Stevenson, individually as parent and next friend of D.S., a minor; (5) Sherry Williams, individually and as next friend of T.C., a minor; (6) Linda Burns; and (7) Christopher Doty, individually and as personal representative of the estate of Ryan Doty.[1] (Docs. 937; 938).

Under Rule 54(b) a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). *see also Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902 (2015) (Rule 54(b) permits district courts to authorize immediate appeal "[w]hen an action presents more than one claim for relief… or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay."); *In re MTBE Products Liability Litigation*, 2010 WL 1328249, at \*4 ("the role of this trial as a bellwether for an entire MDL makes this the type of 'exceptional' case where entry of final judgment pursuant to Rule 54(b) is appropriate").

The Court finds that there is no just reason to delay entering a judgment in this case. The claims of any one Plaintiff in the mass action—even those Plaintiffs who brought their claims in one unified complaint—are not dependent upon one another to

---

[1] The claims of Denise Estes, individually as parent and next friend of L.A.E., were excluded from the parties' joint submission, as Plaintiffs sought to file a motion for reconsideration related to facts impacting the choice of law analysis in the underlying summary judgment Order. (Doc. 937, pp. 2-3). Plaintiffs filed the motion for reconsideration on May 9, 2017. (Doc. 945). The Court intends to address this issue at the status conference on June 30, 2017. The lead trial counsel for the Estes case shall appear **in person** at the June 30, 2017 status conference and be prepared to discuss the motion. Specifically, counsel shall be prepared to address why it took over five years (or even ninety days from the filing date of Abbott's motion) to ascertain even the most basic information to a Depakote case, e.g., where the mother was treated, where the mother was prescribed Depakote, and even as basic as ***where the mother resides***. *Compare* (Case No. 12-CV-54, Doc. 98, p. 2) ("Plaintiffs [included Denise Estes] agree they are residents of Indiana and conception, pregnancy and birth occurred in Indiana.") *with (*Case No. 12-CV-44, Doc. 114), ("Plaintiffs have been residents of Illinois from 1993 through today, and they have never resided in Indiana.")

be resolved on the merits.[2] While the Court previously found certain cases sufficiently similar to warrant joint trials, entering judgment on an individual Plaintiff's claim would not trigger the type of "piecemeal appeal" the Supreme Court cautioned against in *Sears, Roebuck, & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

Here, summary judgment was granted because claims of these Indiana Plaintiffs are time barred by the relevant statute of repose. This is a discrete issue that is completely independent from other cases within the mass action. There is no risk that any change to the remaining cases would alter the analysis related to these specific Plaintiffs. Finally, there are approximately six hundred cases remaining on the Court's docket, which will likely take years to adjudicate. If the Court does not enter judgment under Rule 54(b), these Plaintiffs could potentially wait a decade or more before all of the associated claims in their original complaints were resolved. To allow for the continued maturation of the mass action and to prevent an injustice on all the parties, the Court finds that judgment shall be entered under Rule 54(b). The Clerk is directed to file a copy of this Order and the Judgment in: Case No. 12-cv-53; Case No. 12-cv-57; Case No. 12-cv-1091; Case No. 13-cv-134; Case No. 13-cv-1157; Case No. 14-cv-916.

**IT IS SO ORDERED.**

**DATED:   June 21, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] The exception to this general principal is for parents who bring claims on behalf of their minor children *and* a claim in their own individual capacity. It is difficult to conceive of a circumstance were the Court would allow a parent's individual claim to be tried separately from the minor child's claim; however, this is the only circumstance where the factual overlap would prohibit entry of judgment until the conclusion of both claims.